THE PEOPLE OF THE STATE OF NEW YORK ex rel. WILLIAM LIEZERT, Relator, v. JOHN F. FOSTER, as Warden of Auburn Prison, Defendant.

Supreme Court, Special Term, Cayuga County, January 18, 1947.

*John LoPinto* for relator.

*Nathaniel L. Goldstein, Attorney-General (William Elder, Jr.,* of counsel), for defendant.

CRIBB, J. A writ of habeas corpus having been issued out of this court on the petition of the relator, a hearing was held for the purpose of inquiring into the cause of relator's imprisonment.

It appears from the return by the defendant to the writ that relator was convicted of the crime of burglary, third degree, in the Tompkins County Court and sentenced thereon on March 21, 1939, to Elmira Reformatory there to be dealt with according to law. By virtue of the then existing provisions of the Correction Law (§ 288) this was equivalent to an indeterminate sentence the minimum of which was one day and the maximum ten years. He was received at Elmira Reformatory on March 24, 1939, and was allowed seventy-one days jail time. He was paroled December 28, 1940, declared delinquent December 28, 1940, and returned to Elmira Reformatory January 21, 1941. He was reparoled April 1, 1942, declared delinquent June 18, 1943, and returned June 28, 1943. He was paroled a third time June 28, 1944, declared delinquent July 14, 1944, and returned January 24, 1945. He was paroled a fourth time February 3, 1945, declared delinquent July 1, 1945, and returned January 18, 1946, and transferred to Auburn Prison where he is now confined.

Section 288 of the Correction Law was amended by chapter 678 of the Laws of 1945, the amendment becoming effective July 1, 1945. This section, as amended, reads as follows: " Any person who shall be convicted of an offense punishable by imprisonment in Elmira reformatory, and who, upon such conviction, shall be sentenced to imprisonment therein, shall be imprisoned according to this article, and not otherwise. The term of such imprisonment of any person so convicted and sentenced shall be terminated by the board of parole in the executive department, as authorized by this article: but such imprisonment shall be for a period not to exceed five years, except that in the case of persons convicted of misdemeanors the term of imprisonment shall be for a period not to exceed three years."

Relator contends that he should now be released since under the provisions of section 288, as amended, one sentenced to imprisonment in Elmira Reformatory may not be imprisoned for a period longer than five years.

Relator has now been imprisoned for more than five years. The question here presented is whether the provisions of said section 288 as amended are retroactive and therefore afford relator the relief he seeks. The question should be answered in the negative. In *People ex rel. Russotto* v. *Brophy* (270 App. Div. 873) the court affirmed an order of the County Court dismissing a writ of habeas corpus and remanding the prisoner to custody upon facts similar to the instant

case. It is argued in behalf of relator that his case is to be distinguished from *People ex rel. Russotto* v. *Brophy* (*supra*) because of the action of the Parole Board in declaring the relator delinquent after each of his several parole violations, and returning him to Elmira Reformatory from whence in the last instance he was transferred to Auburn Prison. None of these acts constitute a new charge of the commitment of a crime or impose any new or different sentence, but relate to the carrying out of the provisions of the sentence imposed upon relator March 21, 1939, whereby the court directed that he "be imprisoned in the Elmira Reformatory at Elmira, there to be dealt with according to law." That sentence is the basis for relator's present detention. When relator was at times released from Elmira Reformatory on parole, he was still in the legal custody and under the control of the Parole Board. His parole was subject to any and all conditions imposed upon the granting of the same and subject to revocation upon the violation of any of such conditions by relator, in which case he was subject to reconfinement as a paroled prisoner. (*People ex rel. Haupt* v. *Lasch*, 122 Misc. 223.)

An order may be entered dismissing the writ and remanding the relator to the custody of the warden of Auburn Prison for confinement in such prison. Let an order enter accordingly.