## PEOPLE v. DORAN.

1. CRIMINAL LAW—RIGHT TO COUNSEL—PROCEEDINGS BEFORE MAGISTRATE.

> Defendant had no constitutional right to be represented by counsel when brought before magistrate on complaint and warrant for purpose of setting time for preliminary examination on charge of robbery unarmed, in case where he was convicted of attempted robbery unarmed on plea of guilty before June 22, 1964, as any such right, if to be found in decision of the Supreme Court of the United States of that date, is not retroactive (CL 1948, §§ 750.92, 750.530).

2. SAME—PRELIMINARY EXAMINATION—ERROR—WAIVER.

> Defendant charged with robbery unarmed waived any alleged error committed by magistrate who bound him over to answer to felony charge by pleading to charge on arraignment (CL 1948, § 750.530).

3. SAME—SENTENCE.

> Court of appeals does not have supervisory control over sentence imposed by trial court which is within the maximum provided by statute for crime to which defendant pleaded guilty (CL 1948, §§ 750.92, 750.530).

Appeal from Recorder's Court of Detroit; Gillis (Joseph A.), J. Submitted Division 1 November 10, 1966, at Lansing. (Docket No. 1,749.) Decided February 14, 1967.

REFERENCES FOR POINTS IN HEADNOTES

[1]  21 Am Jur 2d, Criminal Law §§ 313, 314.
[2]  21 Am Jur 2d, Criminal Law §§ 452, 457, 458.
[3]  21 Am Jur 2d, Criminal Law §§ 533, 572.

Michael Doran was convicted of attempted robbery unarmed. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Samuel H. Olsen,* Prosecuting Attorney, *Samuel J. Torina,* Chief Appellate Lawyer, and *Richard J. Padzieski,* Assistant Prosecuting Attorney, for the people.

*Joseph A. Powers,* for defendant.

QUINN, P. J. By his plea of guilty, defendant was convicted of attempted robbery unarmed, CL 1948, §§ 750.530 and 750.92 (Stat Ann 1954 Rev § 28.798 and 1962 Rev § 28.287), in recorder's court of Detroit, on December 2, 1963. Defendant was 19 years of age at the time. December 16, 1963, he was sentenced to prison for a term of 3–5 years. December 8, 1965, appellate counsel was appointed and claim of appeal was filed February 1, 1966. The claim of appeal was not proper (GCR 1963, 785.4[2] and 803.1), but we have considered it as a granted application for delayed appeal in order to dispose of the case.

The appeal raises 3 questions for decision, namely: at the time the defendant was brought before the magistrate on the complaint and warrant,* did he have a constitutional right to be represented by counsel? Can alleged error on the part of the magistrate in binding defendant over for trial be raised on this appeal? Was the sentence given to defendant too severe?

Defendant was represented by counsel at preliminary examination on a charge of robbery unarmed, CL 1948, § 750.530 (Stat Ann 1954 Rev § 28.798). The record does not disclose whether he was represented at arraignment in recorder's court

---

\* CL 1948, § 766.4 (Stat Ann 1954 Rev § 28.922).

on the same charge, but he stood mute and a plea of not guilty was entered on November 2, 1963. December 2, 1963, defendant withdrew his plea of not guilty and entered a plea of guilty to attempted robbery unarmed; at this time, he was represented by counsel.

Defendant cites no Michigan law in support of his claim that he has a constitutional right to be represented by counsel when brought before the magistrate on the complaint and warrant, and we are unable to find any such law. The first indication that defendant may have such a right appears in *Escobedo* v. *Illinois* (1964), 378 US 478 (84 S Ct 1758, 12 L ed 2d 977), but defendant was convicted prior to June 22, 1964, and *Escobedo* does not apply. *Johnson* v. *New Jersey* (1966), 384 US 719 (86 S Ct 1772, 16 L ed 2d 882).

*People* v. *Dobine* (1963), 371 Mich 593, precludes defendant from now raising alleged prejudicial error on the part of the magistrate in binding defendant over for trial.

The sentence imposed by the trial judge was within the maximum provided by the statute and this Court does not have supervisory control over the punishment. *People* v. *Pate* (1965), 2 Mich App 66.

Affirmed.

FITZGERALD and T. G. KAVANAGH, JJ., concurred.