### PEOPLE *v.* POOLE.

1. NEW TRIAL—MOTION FOR NEW TRIAL—DISCRETION OF COURT.
   The granting of a motion for new trial lies within the sound discretion of the trial court, and to establish error, a clear abuse of such discretion must be shown.

2. SAME—DISCRETION OF COURT.
   The discretion vested in the trial court with respect to the granting of a new trial is a legal, judicial discretion, to be exercised according to, and within the bounds of, law and reason.

3. SAME—DISCRETION OF COURT—ABUSE OF DISCRETION.
   Abuse of discretion with respect to the granting of a motion for new trial connotes more than an error of law or of judgment; it implies an unreasonable, arbitrary, or unconscionable attitude on the part of the trial court.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 39 Am Jur, New Trial § 13.
[2, 5] 39 Am Jur, New Trial § 201 *et seq.*
[3] 39 Am Jur, New Trial § 202.
[4] 39 Am Jur, New Trial § 206.
 Power of court to vacate or modify order granting new trial in civil case. 61 ALR2d 642.
[6] 5 Am Jur 2d, Appeal and Error § 646.
[7] 21 Am Jur 2d, Criminal Law § 583.
[8] 21 Am Jur 2d, Criminal Law § 569.
 Power of trial court to change sentence after commitment or payment of fine. 168 ALR 706.
[9–11] 16 Am Jur 2d, Constitutional Law § 402 *et seq.*
[12, 13] 21 Am Jur 2d, Criminal Law § 533 *et seq.*

4. SAME—REVOCATION OF ORDER FOR NEW TRIAL.

A trial court may set aside and vacate an order for new trial improvidently granted.

5. CRIMINAL LAW—PROPRIETY OF NEW TRIAL.

That defendant, convicted of breaking and entering in the night-time, was granted a new trial on the assumption that he was prejudiced through failure of the examining magistrate to advise him at preliminary examination, of his right to appointed counsel if he was indigent when, in fact, no prejudice occurred because he was represented at the examination by retained counsel *held*, not conclusive that the order for a new trial was improvidently granted (CL 1948, § 750.110).

6. APPEAL AND ERROR—QUESTIONS REVIEWABLE—SAVING QUESTIONS FOR REVIEW.

The Court of Appeals does not consider a claim that the trial court erred in refusing to set aside its order for new trial, where defendant failed to move for the vacation of said order in the trial court.

7. CRIMINAL LAW—DISCRETION OF COURT—SENTENCE.

The trial court has wide discretion in the imposition of punishment, and when a sentence is within the maximum provided by statute, the Court of Appeals has no supervisory control over the sentence imposed.

8. SAME—NEW TRIAL—INCREASED SENTENCE.

Claim by defendant, who pled guilty at a new trial to a charge of breaking and entering in the nighttime, that the trial judge committed error by imposing a minimum sentence greater than that imposed at his initial conviction *held*, without merit, since defendant knowingly took such risk in seeking a new trial, and the discretion of the trial court in imposing sentence is such that, when a sentence is within the maximum provided by statute, the Court of Appeals has no supervisory control over the punishment imposed (CL 1948, § 750.110).

9. SAME—PUNISHMENT—STATUTES.

The maximum sentence or punishment which may be imposed upon conviction for the violation of a criminal statute is that provided by the statute in force at the time of the commission of a crime.

10. SAME—PUNISHMENT—PROSPECTIVE OPERATION.

Amendments to criminal statutes with respect to sentence or punishment are not retroactive.

11. SAME—SENTENCE—STATUTES—PROSPECTIVE OPERATION.

Claim by defendant, convicted of breaking and entering in the nighttime, that the trial court erred in sentencing defendant to a maximum of 15 years imprisonment, pursuant to the punishment allowed by the statute at the time the crime was committed, when, in the interim, the statute had been amended to reduce the maximum punishment to 10 years *held*, without merit, since amendments to criminal statutes with respect to sentence or punishment are not retroactive, the maximum sentence allowable being that as set by the statute at the time the crime is committed (CL 1948, § 750.110, as amended by PA 1964, No 133).

12. SAME—PUNISHMENT—IRREGULAR SENTENCE.

The restraint of one convicted of crime is permitted only when there is an order, warrant, or judgment of a court or magistrate commanding it, and if such order, warrant, or judgment is irregular merely, it may be in most cases corrected.

13. SAME—JUDGMENT—CORRECTION OF SENTENCE.

Judgment of trial court, sentencing defendant, convicted at a new trial of breaking and entering in the nighttime, to a maximum period of 15 years imprisonment when, in fact, defendant was entitled to a reduction of the maximum sentence because of 2-1/2 years' imprisonment under prior conviction *held*, a mere irregularity, with the maximum sentence being reduced accordingly to 12-1/2 years, being the sentence intended as reflected by the record (CLS 1961, § 769.11a, as amended by PA 1965, No 67).

Appeal from Osceola; Peterson (William R.), J., presiding. Submitted Division 3 March 7, 1967, at Grand Rapids. (Docket No. 2,037.) Decided June 27, 1967. Rehearing denied August 2, 1967. Leave to appeal granted December 12, 1967. See 379 Mich 790.

Charles Gerald Poole was initially sentenced to a term of 6 to 15 years in prison upon a plea of guilty to a charge of breaking and entering in the nighttime. Upon grant of new trial, he again pled guilty, receiving a sentence of 8 to 15 years, with the minimum time reduced by the period of prior confinement. Defendant appeals. Affirmed, with modification.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Clarence A. Sahlin,* Prosecuting Attorney, for the people.

*Calvin B. Talhelm,* for defendant.

HOLBROOK, J. Convicted on his own plea of guilty, defendant was sentenced for a term of 6 to 15 years for the crime of breaking and entering in the nighttime[1] on January 31, 1964.

In September of 1965, defendant made claim of indigency and such claim being recognized, counsel was appointed by the trial court for post-conviction proceedings. Through counsel, defendant presented a motion for new trial on January 29, 1966. The motion for new trial, granted February 3, 1966, stated that defendant was indigent and was not advised at the preliminary examination of his right to court appointed counsel. Represented by court appointed counsel defendant was arraigned the same day. Defendant again entered a plea of guilty. The record reveals that defendant took this course of action in order to obtain a reconsideration of his sentence.

The trial judge accepted the plea of guilty and sentenced defendant to a term of 8 to 15 years on February 11, 1966. The minimum sentence of 8 years and the maximum sentence of 15 years were reduced at the time of sentence to allow a credit of 2–1/2 years for time already served.

Defendant appeals to this Court and raises 3 issues as follows: (1) Whether the trial judge properly sentenced defendant; (2) whether the maximum sentence should have been 10 years; (3) whether the maximum sentence as imposed was reduced by time already served.

---

[1] CL 1948 § 750.110 (Stat Ann 1962 Rev § 28.305). See, currently, CL 1948, § 750.110, as amended by PA 1964, No 133 (Stat Ann 1965 Cum Supp, § 28.305).

Defendant asserts herein for the first time on appeal that the trial judge improperly sentenced him on his new plea of guilty because of what the trial judge stated concerning his granting defendant's motion for new trial. Defendant further asserts that the trial court should have vacated its order granting a new trial.

The following indicates what transpired on sentencing defendant:

*"The Court.* Well, I want to say this to you. You are here on a matter in which I am inclined to feel that I made a mistake and I am inclined to feel that in your hopes for a more lenient sentence you have taken advantage of the court. You have filed this motion for a new trial on the grounds that you were not advised by the justice of the peace of your right to counsel at public expense if you were indigent. I came down to Reed City without knowing anything about the case and the prosecutor did not oppose the granting of the motion, so I granted you a new trial and then in preparation for the disposition of this case today, when I looked through the file, I find that you were in fact represented by an attorney at the preliminary examination.

*"Defendant.* Sir, I was but I was not informed at the first arraignment by the justice of the peace that I was entitled to a lawyer provided for me by the State. In fact, the money that I retained the lawyer with was borrowed. I was indigent at the time.

*"The Court.* But if you did in fact have counsel at the preliminary examination, then how were you harmed by it?

*"Defendant.* (Nodding head in the affirmative.)

*"The Court.* At any rate, I had signed the order and I had made that mistake and if it was a mistake, I'm as much responsible for it as anyone because I didn't read the file before I accepted it."

The granting of a motion for new trial lies within the sound discretion of the trial court, and to establish error, a clear abuse of this discretion must be shown. *People* v. *Dailey* (1967), 6 Mich App 99. 66 CJS, New Trial, § 201, p 490 states that this discretion vested in a trial court is "a legal, judicial discretion, to be exercised according to, and within the bounds of, law and reason." "Abuse of discretion" with respect to granting a motion for new trial connotes more than an error of law or of judgment; it implies an unreasonable, arbitrary, or unconscionable attitude on the part of the trial court. *Steiner* v. *Custer* (1940), 137 Ohio St 448 (31 NE2d 855). We do not find from a review of the record any abuse of discretion on the part of the trial judge.

In the case of *People* v. *Beath* (1936), 277 Mich 473, Mr. Justice BUTZEL stated on p 479 as follows:

"It is further claimed that the trial court had no right to set aside an order granting a new trial, even though improvidently granted and under a misapprehension of facts. We find no statute governing the situation. There is authority in other States that in the absence of a statute precluding the revocation of an order granting a new trial, such an order improvidently granted may be revoked."

This case is authority for the principle of law that a trial court *may* set aside and vacate an order for new trial improvidently granted. The facts in the case at hand are not conclusive that the order granting new trial was improvidently granted. The failure of defendant to make a motion in the trial court for setting aside the order granting new trial precludes him from raising this issue on appeal.

We do not find the trial judge to have erred in sentencing defendant to a longer minimum term. Defendant knowingly took a risk in seeking a new

trial and should not be heard to complain because the new minimum sentence may increase the time he might serve.  This Court, in *People* v. *Pate* (1965), 2 Mich App 66, 68, stated:

"When a sentence is within the maximum provided by statute, the trial court has wide discretion and an appellate court does not have supervisory control over the punishment.  See *Cummins* v. *People* (1879), 42 Mich 142; *People* v. *Kelly* (1894), 99 Mich 82; *People* v. *Guillett* (1955), 342 Mich 1."

See, also, *People* v. *Doran* (1967), 6 Mich App 86.

Defendant's second issue questions the maximum sentence of 15 years in view of the fact that CL 1948, § 750.110, as amended by PA 1964, No 133, effective August 28, 1964, to provide a maximum penalty of 10 years for the crime of breaking and entering a store.

The rule is that the sentence or punishment imposed is that prescribed by the statute in force at the time of the commission of a crime.  24B CJS, Criminal Law, § 1982, pp 571–573.  *People, ex rel. Liezert,* v. *Foster* (1947), 67 NYS2d 556 (188 Misc 142), points out that as a general rule, amendments to criminal statutes with respect to sentence or punishment are not retroactive.  The trial judge did not commit error in sentencing defendant according to the penalty set forth in the statute at the time of the offense.

Defendant asserts that the maximum sentence as imposed was not reduced by the time he had already served as required by statute.[2]

In sentencing defendant the trial judge stated:

"on the record that I have before me, I have no alternative, in my judgment, except to impose a

---

[2] CLS 1961, § 769.11a, since amended by PA 1965, No 67 (Stat Ann 1965 Cum Supp § 28.1083[1]).

sentence which is essentially the same as that imposed by Judge Stephens and that is, that you be sentenced to the State prison of southern Michigan. The maximum period of the breaking and entering in the nighttime statute is 15 years, which is reduced under this new act, calling for the reduction of maximum sentences to give allowance for time previously served. And the minimum sentence of 8 years, which is also reduced, with no particular recommendation."

The indeterminate sentence record, record of sentence, and warrant for commitment state the minimum sentence as 5–1/2 years which was proper; however, they state the maximum sentence as 15 years with no showing of reduction for the time already served by defendant.

"The restraint of one convicted of crime is permitted only when there is an order, warrant, or judgment of a court or magistrate commanding it. And, if such order, warrant, or judgment is irregular merely, it may be in most cases corrected." *In re Forscutt* (1911), 167 Mich 438, 442.

The maximum sentence of 15 years should be corrected to read 12–1/2 years on the documents above mentioned to agree with the trial judge's sentence appearing in the record.

Affirmed as modified.

FITZGERALD, P. J., and BURNS, J., concurred.