PEOPLE v. MULIER.

1. CRIMINAL LAW—APPEAL AND ERROR—SENTENCE—DISCRETION OF COURT.

Defendant knowingly takes a risk in seeking a new trial and should not be heard to complain because the new minimum sentence may increase the time he must serve when the motion for a new trial was addressed to the sound discretion of the trial court, and the record is sufficient to reveal the additional factors which led to the longer sentence.

2. SAME—APPEAL AND ERROR—SENTENCE—DISCRETION OF THE TRIAL COURT.

A trial court has the discretionary power to impose sentence for crime within the maximum provided by statute, and an appellate court does not normally have supervisory control over the punishment.

3. SAME—SENTENCE—CREDIT FOR TIME ALREADY SERVED.

Sentencing judge must credit a reconvicted defendant for time served under a prior erroneous conviction by reduction of the sentence to be imposed (CLS 1961, § 769.11a, as amended by PA 1965, No 67).

4. SAME—APPEAL AND ERROR.

The accused shall have at least 1 appeal as a matter of right in every criminal prosecution (Const 1963, art 1, § 20).

5. SAME—APPEAL AND ERROR—INFRINGEMENT OF RIGHT TO APPEAL.

Imposition of a harsher sentence after vacation of a previous probation revocation proceeding and a rehearing where the

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 5] 21 Am Jur 2d, Criminal Law §§ 212, 569.
Propriety of increased punishment on new trial for same offense, 12 ALR3d 978.
[2] 21 Am Jur 2d, Criminal Law § 583.
[3] 41 Am Jur, Prisons and Prisoners § 44.
[4] 4 Am Jur 2d, Appeal and Error § 159 et seq.

offense, the plea, and the sentencing judge are the same as in the prior proceeding where the record is barren of any grounds tending to support the harsher sentence unduly infringes upon the constitutional right of appeal (Const 1963, art 1, § 20; CLS 1961, § 769.11a, as amended by PA 1965, No 67).

Appeal from Recorder's Court of Detroit, Gillis (Joseph A.), J. Submitted Division 1 December 6, 1967, at Detroit. (Docket No. 3,218.) Decided June 25, 1968.

Joseph Mulier was convicted of assault with intent to rob being armed, and placed on 3 years probation. Defendant was subsequently convicted on a plea of guilty of violation of a probationary order, and was sentenced to a term of 4-1/2 to 5 years in prison. Conviction and sentence set aside and matter remanded by Supreme Court to the lower court for a rehearing with the assistance of counsel. On rehearing, defendant again was convicted on plea of guilty of violation of a probationary order, and was sentenced to a term of 4-1/2 to 15 years in prison. Defendant appeals. Reversed and remanded for resentencing.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Samuel J. Torina,* Chief Appellate Lawyer, *Thomas P. Smith,* Assistant Prosecuting Attorney, for the people.

*Melvyn G. Gvazda,* for defendant on appeal.

LESINSKI, C. J. The defendant appeals a sentence of 4-1/2 to 15 years imposed by the recorder's court of the city of Detroit, December 16, 1966, at a rehearing for violation of a probationary order to

which he pled guilty. The same judge had sentenced defendant to a term of 4-1/2 to 5 years at a prior hearing for the same violation of probation, August 2, 1965, at which time defendant pled guilty without the assistance of counsel.[1]

The Supreme Court set aside the 1965 conviction and sentence for violation of probation and remanded the matter to the lower court for a rehearing granting defendant the right to assistance of counsel.[2] See *In re Mulier*, 378 Mich 740.

The issue on this appeal is whether the longer maximum sentence imposed upon defendant at the rehearing, after a successful appeal from the prior conviction and sentence, is constitutionally permissible under the circumstances disclosed by the record.

It is not disputed that either maximum sentence pronounced by the lower court could lawfully be imposed upon defendant for violation of the probationary order.[3] The defendant contends that imposition of a longer sentence after a rehearing which virtually duplicates the former hearing vitiated on appeal deprives him of due process of law and equal protection of the laws when the reason for the increased punishment cannot be discerned from the

---

[1] The sentencing judge in the two violation-of-probation hearings also presided at the criminal trial in 1962 wherein defendant was placed on three years probation after conviction, upon a plea of guilty, of the crime of assault with intent to rob being armed, CL 1948, § 750.89 (Stat Ann 1962 Rev § 28.284).

[2] *Mempa* v. *Rhay* (1967), 389 US 128 (88 S Ct 254, 19 L Ed 2d 336), makes it a matter of Federal constitutional law that a lawyer be afforded to defendant at a combined probation-revocation and sentencing proceeding.

[3] CL 1948, § 771.4 (Stat Ann 1954 Rev § 28.1134), provides: "In case such probation order is terminated or revoked the court may proceed to sentence such probationer in the same manner and to the same penalty as it might have done if such probation order had never been made." The statutory punishment for the crime of assault with intent to rob being armed is imprisonment for life or for any term of years. See CL 1948, § 750.89, *supra*.

record.   He also argues that the double jeopardy
provisions of the Federal and State Constitutions[4]
immunize him from a harsher subsequent sentence.

This precise issue has not been previously raised
in this State, so far as our research discloses, except
in the case of *People* v. *Poole* (1967), 7 Mich App
237.

In *Poole,* the defendant pleaded guilty to the crime
of breaking and entering in the nighttime and re-
ceived a sentence of 6 to 15 years in prison.  Poole
moved for a new trial claiming he had not been
advised at the preliminary examination of his right
to court appointed counsel.  A second judge granted
the motion for a new trial, accepted a plea of guilty
to the same offense, and sentenced defendant to a
term of 8 to 15 years with credit allowed for time
already served.  The sentencing judge felt that
defendant had taken advantage of the court in mov-
ing for a new trial when, in fact, he had been repre-
sented by counsel at the preliminary examination.
On appeal, this Court held, *inter alia,* that defend-
ant knowingly took a risk in seeking a new trial and
should not be heard to complain because the new
minimum sentence may increase the time he might
serve.  The Court relied on a settled rule in this
jurisdiction, namely, that a trial court has the dis-
cretionary power to impose sentence within the
maximum provided by statute, and an appellate
court does not have supervisory control over the
punishment.  See *Cummins* v. *People* (1879), 42
Mich 142; *People* v. *Weeks* (1894), 99 Mich 86;

____

[4] US Const, Am 5, 14; Mich Const 1963, art 1, § 15.  This Court
held in *People* v. *Bower* (1966), 3 Mich App 585, that the double
jeopardy provisions of the Fifth Amendment to the U. S. Consti-
tution are applicable to the states through the due process clause
of the Fourteenth Amendment, citing *United States, ex rel. Hetenyi*
v. *Wilkins* (CA 2, 1965), 348 F2d 844, certiorari denied *sub nom*
*Mancusi* v. *Hetenyi* (1966), 383 US 913 (86 S Ct 896, 15 L Ed
2d 667).

*People* v. *Guillett* (1955), 342 Mich 1; and *People* v. *Connor* (1957), 348 Mich 456.[5]

*Poole, supra,* involved a motion for a new trial addressed to the *sound discretion* of the trial court. See *People* v. *Andrews* (1960), 360 Mich 572. The record in *Poole* is sufficient for us to discern the additional factors[6] which led to imposition of a longer minimum sentence at the retrial. Defendant in the case at bar exercised his right of appeal under Const 1963, art 1, § 20.

Courts in other jurisdictions, particularly the Federal bench, have recently had occasion to consider the constitutional validity of harsher sentences upon reconviction after a successful attack upon the prior judgment and sentence.[7]

The Federal and State authorities examined demonstrate the increasing concern about the basic fairness of imposing a more severe sentence on reconviction after a successful appeal, particularly in view of our ever-expanding concepts of the protection afforded defendants by the due process, equal protection, and double jeopardy provisions of the Federal Constitution. An enlightened concept of the protections which the law affords the accused

---

[5] See, also, *People* v. *Pate* (1965), 2 Mich App 66; *People* v. *Daniels* (1966), 2 Mich App 395; *People* v. *Will* (1966), 3 Mich App 330; *People* v. *Doran* (1967), 6 Mich App 86; and *People* v. *Tetts* (1967), 6 Mich App 254.

[6] "That the trial judge may consider additional factors in determining sentence is well settled in Michigan. *People* v. *Williams* (1923), 225 Mich 133; *People* v. *Losinger* (1951), 331 Mich 490 (44 ALR 2d 1449); *People* v. *Guillett* (1955), 342 Mich 1." *People* v. *Camak* (1967), 5 Mich App 655, 663.

[7] See, for example, *Patton* v. *North Carolina* (CA 4, 1967), 381 F2d 636; *Marano* v. *United States* (CA 1, 1967), 374 F2d 583; *United States, ex rel. Starner* v. *Russell* (CA 3, 1967), 378 F2d 808; *United States* v. *White* (CA 7, 1967), 382 F2d 445; *People* v. *Henderson* (1963), 60 Cal 2d 482 (35 Cal Rptr 77, 386 P2d 677); *People* v. *Ali* (1967), 66 Cal 2d 277 (57 Cal Rptr 348, 424 P2d 932); *State* v. *Wolf* (1966), 46 NJ 301 (216 A2d 586); and *State* v. *Turner* (1967), 247 Or 301 (429 P2d 565), and other authorities cited in these cases.

at each step of the judicial process has caused the courts to re-examine the inherent fairness of the distinctions previously drawn to justify the imposition of harsher sentences under almost any set of circumstances. We note that one troublesome aspect of the general subject of harsher sentences, namely, whether credit shall be given for time served under a prior void sentence, no longer exists in Michigan.[8] Although the examined authorities usually have had an admixture of the denial of credit for time served and longer sentence questions in the same case, they are but two prongs of a single problem, giving these cases great relevance to our inquiry.

It is not necessary, however, to premise our decision in the instant case upon the due process, equal protection or double jeopardy provisions of the Federal or State Constitutions, since we perceive a more cogent ground for decision. The Michigan Constitution guarantees that in every criminal prosecution the accused shall have at least one appeal as a matter of right.[9] Constitutional guarantees apply to all alike, and should not be withheld even in the slightest degree. *In the Matter of Bommarito* (1935), 270 Mich 455.

To allow the imposition of a harsher sentence after a rehearing, where the offense, the plea, and the sentencing judge are the same as in the prior proceeding and the record is barren of any grounds tending to support the harsher sentence, unduly infringes upon the constitutional right of appeal. Circumstances such as found in this case permit the conclusion that impermissible factors were con-

---

[8] CLS 1961, § 769.11a, as amended by PA 1965, No 67 (Stat Ann 1968 Cum Supp § 28.1083[1]), requires the sentencing judge to credit a reconvicted defendant for time served under a prior erroneous conviction by reduction of the sentence to be imposed.

[9] Const 1963, art 1, § 20.

sidered by the trial judge in imposing a harsher sentence at the rehearing.

Individual rights embodied in the State Constitution are no less zealously guarded than Federal constitutional rights. And it cannot be presumed that art 1, § 20 of the State Constitution bestowed an *in terrorem* legacy upon the criminally accused. Since the State has granted the universal right of appeal, standards of procedural fairness forbid cutting down the right.

This was the approach in *State* v. *Wolf* (1966), 46 NJ 301 (216 A2d 586), and in *State* v. *Turner* (1967), 247 Or 301 (429 P2d 565), to protect the right of appeal, and we approve. The *Wolf* court said (pp 308, 309):

"Our decision finds its base in procedural policies which are of the essence of the administration of criminal justice.   *   *   *

"Consequently, we hold that since the State has granted the universal right of appeal, standards of procedural fairness forbid limiting the right by requiring the defendant to barter with his life for the opportunity of exercising it."

Remanded for resentencing.

FITZGERALD and McGREGOR, JJ., concurred.