## CITY OF DETROIT *v.* WILSON

1. CRIMINAL LAW—MOLESTATION—IDENTIFICATION—LINEUP.

   No error or prejudice resulted to defendant when complainant identified him from a lineup as the person who molested her by word and gesture where the totality of the surrounding circumstances established that the complainant had ample opportunity to observe defendant's face and features and to make a positive identification of him by means sufficiently distinguishable from the lineup.

2. CRIMINAL LAW—LINEUP—CONSTITUTIONAL LAW—PRESENCE OF COUNSEL.

   An accused's right to have an attorney present during a confrontation for identification applies only to confrontations conducted after June 12, 1967.

3. CRIMINAL LAW—LINEUP—CONSTITUTIONAL LAW—PRESENCE OF COUNSEL.

   Complainant's identification of defendant in a lineup in April, 1967, without defendant's counsel present did not violate defendant's constitutional right to have counsel present, because the United States Supreme Court decision establishing the right to counsel at lineups applies only to cases decided after June 12, 1967.

4. CRIMINAL LAW—INTERROGATION—CONSTITUTIONAL LAW—RIGHT TO COUNSEL—ABSENCE OF EXTRAJUDICIAL STATEMENTS.

   An accused's constitutional right to an attorney during in-custody interrogation is not violated where there is nothing

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law § 368.
[2–4] 21 Am Jur 2d, Criminal Law § 342.
   Accused's right to assistance of counsel at or prior to arraignment. 5 ALR3d 1269.
[5–6] 37 Am Jur, Municipal Corporations § 187 *et seq.*
[7] 29 Am Jur 2d, Evidence § 355 *et seq.*

in the record to indicate that any statements, admissions, or other prejudicial evidence was received which affected the accused adversely while he was without counsel.

5. MUNICIPAL CORPORATIONS—ORDINANCES—INVALID PROVISIONS—RE-MAINING PROVISIONS.

An appellate decision holding that certain provisions of a municipal ordinance are invalid because innocent as well as culpable conduct was made criminal has no effect on the validity of the remaining provisions in that ordinance, in the absence of any expression of appellate opinion regarding those remaining provisions (Code of the City of Detroit, § 39–1–36).

6. CRIMINAL LAW—MOLESTATION—MUNICIPAL CORPORATIONS—ORDI-NANCES—INVALID PROVISIONS—REMAINING PROVISIONS.

An appellate decision holding unconstitutional provisions in a municipal ordinance regarding "following or pursuing" be-cause they made innocent as well as culpable conduct criminal, did not affect the validity of the remaining provisions making it unlawful for any person who clearly expresses an intent, either by overt action or foul tongue, to interfere with or abuse other persons, or culpably offend their dignity or sensibilities (Code of City of Detroit, § 39–1–36).

7. CRIMINAL LAW — MOLESTATION — INTENT — MUNICIPAL CORPORA-TIONS — ORDINANCES.

Complainant's testimony that defendant accosted her on a public street and made lewd and suggestive remarks to her was suffi-cient to establish an express intent on defendant's part to do something basically and criminally wrong in violation of a municipal ordinance making it unlawful for any person to accost or molest any person with indecent, immoral, or lewd language or conduct in any public place in the city (Code of City of Detroit, § 39–1–36).

Appeal from Recorder's Court of Detroit, Traffic and Ordinance Division, Richard M. Maher, J. Sub-mitted Division 1 October 10, 1969, at Detroit. (Docket No. 3,868.) Decided October 29, 1969.

Oman Wilson, Jr., was convicted of ogling, fol-lowing and molesting a person. Defendant appeals. Affirmed.

*Robert Reese,* Corporation Counsel, and *Cornel Smith,* Assistant Corporation Counsel, for the city of Detroit.

*Gazley & Tuchow,* for defendant.

Before: Fitzgerald, P. J., and McGregor and V. J. Brennan, JJ.

V. J. Brennan, J. Defendant seeks reversal of a conviction of violation of § 39-1-36 of the Code of the City of Detroit.* The charge was that he did improperly and wrongfully ogle, annoy, follow and pursue and did improperly and wrongfully molest by gesture a 14-year-old girl in the public streets of the city. The offense took place at about 8:30 a.m. on April 30, 1967. The girl testified that a man in a car said, "Come in the car, baby"; he then stopped at a red light and said, "Come on, baby," and later, "Don't you like me, come in the car and I'll do it to you," and "I'll get you after church." On the same day, defendant was identified by the girl in a lineup consisting of himself and four other men at the police station. The court found the defendant guilty on the girl's testimony, and he was sentenced to 15 days in jail, one year's probation, and $150 fine.

Defendant appeals this judgment, contending that the identification was the result of an unrepresentative lineup, that he was without counsel at the time, that there was no basis in fact for finding him guilty of ogling, and that the sentence was excessive.

The record in this case indicates no error or prejudice resulting to the defendant from his individual

---

* "No person shall use indecent or immoral language, nor shall any person improperly, lewdly, wantonly, or wrongfully accost, ogle, insult, annoy, follow, pursue, lay hands on or, by gesture, movement of body or otherwise, wrongfully molest any person in any public street, lane, alley, square, park, public vehicle or space in the city."

identification by the minor witness. The totality of the surrounding circumstances establishes that the witness had ample opportunity to observe defendant's face and features and to make a positive identification by means sufficiently distinguishable from the lineup. (See *People* v. *Floyd* (1968), 15 Mich App 284, 288.) *United States* v. *Wade* (1967), 388 US 218 (87 S Ct 1926, 18 L Ed 2d 1149) which requires counsel at lineups, is inapplicable. This constitutional right applies only to confrontations for identification conducted after June 12, 1967. *Stovall* v. *Denno* (1967), 388 US 293 (87 S Ct 1967, 18 L Ed 2d 1199); *People* v. *Barrow* (1969), 17 Mich App 624.

Nor has *Miranda* v. *Arizona* (1966), 384 US 436 (86 S Ct 1602, 16 L Ed 2d 694, 10 ALR3d 974) been violated. Nothing in the record indicates that any statements, admissions or other prejudicial evidence was received which would affect defendant adversely while he was without counsel. *People* v. *Sullivan* (1969), 18 Mich App 1.

The witness's testimony, in addition to the possibility of "ogling", indicated improper and suggestive speech, annoyance, molestation, and wrongful pursuit, which are all forbidden by code § 39–1–36. In *City of Detroit* v. *Sanchez* (1969), 18 Mich App 399, this Court struck down the provisions regarding "following or pursuing," holding that the ordinance makes criminal innocent as well as culpable conduct, but expressed no opinion as to the rest of the ordinance. Unlike the "wrongful following" in *Sanchez,* where establishing criminal intent became a problem, here there is an expressed intent to do something basically and criminally wrong, in violation of other parts of the section. Justice and good conscience require that our children and other persons under like circumstances be protected. These

sections of the ordinance remain valid and binding upon any person who *clearly expresses an intent,* either by overt action or foul tongue, to interfere with or abuse other persons or culpably offend their dignity or sensibilities.

The discretionary sentence is within the maximum provided by ordinance and is sustained.  *People* v. *Mulier* (1968), 12 Mich App 28.

Affirmed.

All concurred.