PEOPLE *v.* VAN BRAGT

1. CRIMINAL LAW—PLEA OF GUILTY—MOTION TO WITHDRAW.
    A motion to withdraw a plea of guilty must be based upon a miscarriage of justice where the motion to withdraw was made after conviction and sentence.

2. CRIMINAL LAW—PLEA OF GUILTY—NONSUPPORT—BOND—ADVISING DEFENDANT.
    Trial judge's failure to inform a defendant, who pled guilty to family nonsupport, that the nonsupport statute provided for the posting of bond was not reversible error where defendant did not make an attempt to post bond, defendant did not claim to have attempted to post bond, and defendant did not claim that he would have entered into such a bond arrangement had he been advised of the statutory bonding provision (MCLA § 750.161).

Appeal from Ottawa, Raymond L. Smith, J. Submitted Division 3 September 7, 1971, at Grand Rapids. (Docket No. 11420.) Decided September 29, 1971.

Robert Van Bragt was convicted, on his plea of guilty, of nonsupport. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Calvin L. Bosman,* Prosecuting Attorney, for the people.

---

REFERENCE FOR POINTS IN HEADNOTE
[1, 2] 21 Am Jur 2d, Criminal Law § 484 *et seq.*

*Donald H. Hann,* for defendant on appeal.

Before: Holbrook, P. J., and McGregor and T. M. Burns, JJ.

Per Curiam.  The defendant pleaded guilty to a charge of nonsupport in violation of MCLA § 750-.161 (Stat Ann 1962 Rev § 28.358) in the Circuit Court of the County of Ottawa on April 27, 1970. He alleges as error the failure of the trial judge to inform him that the violated statute has provisions for the posting of bond, after the granting of which the trial court, in its discretion, could grant probation.  On January 7, 1971, the defendant made a motion that he be allowed to withdraw his guilty plea, and a new trial be granted.  The trial court refused to grant the motion, and the defendant appeals that denial.

When first made, after conviction and sentence, a motion to withdraw a guilty plea is within the discretion of the trial court, *People* v. *Vasquez* (1942), 303 Mich 340, and must be based upon a miscarriage of justice.  *People* v. *Collins* (1968), 380 Mich 131; *People* v. *Winegar* (1968), 380 Mich 719.  In this case no such miscarriage is present.

While the provisions of MCLA § 750.161 (Stat Ann 1962 Rev § 28.358) may require that the defendant post a bond to insure the support of those he is obliged by law to support, that provision is irrelevant to the issue of guilt.  See *People* v. *Stickle* (1909), 156 Mich 557.

The same statute that defines the crime for which the defendant pleaded guilty, also provides that the granting of probation is within the discretion of the trial court.  The trial judge found that:

"And Mr. Van Bragt has had such a history with this court and with the probation department of

failure to support one or more of his families, that the court would not have taken his word that he would perform under probation."

There is no record of an attempt by the defendant, nor is there a claim by the defendant that he attempted, to enter into bond to the People of the State of Michigan, for the support of his minor children, nor is there any claim by defendant that he would have entered into such a bond arrangement had he been advised of the provision under the statute.

The trial court has, upon a conviction under this statute, complete discretion on the penalty to be imposed not to exceed three years in the state prison. We do not have supervisory control over a sentence properly imposed. *People* v. *Pate* (1965), 2 Mich App 66; *People* v. *Doran* (1967), 6 Mich App 86; *People* v. *Poole* (1967), 7 Mich App 237.

Affirmed.