CITY OF FREMONT v BEATTY

CONSTITUTIONAL LAW—CITY ORDINANCES—DISORDERLY PERSONS—
BREADTH OF ORDINANCE.

A city ordinance which declares that any person who sits or
reclines in an office window or on a window ledge in a certain
named section of the city shall be deemed to be a disorderly
person is overbroad in that it reaches innocent conduct that
has no tendency to endanger the health, safety, welfare, or
morals of the community and is unconstitutional under the
Michigan and Federal Constitutions (US Const, Am XIV; Const
1963, art 1, § 17).

Appeal from Newaygo, Harold Van Domelen, J.
Submitted Division 3 March 5, 1974, at Grand
Rapids. (Docket No. 16745.) Decided May 1, 1974.

Petition by the City of Fremont to have the
Newaygo County Probate Court exercise jurisdic-
tion over Donald Beatty for violation of a munici-
pal ordinance defining a disorderly person. Pe-
tition dismissed. The City of Fremont appealed to
circuit court. Reversed. Defendant appeals by
leave granted. Reversed.

*Reber & Reber* (by *Richard W. Gray*), for plain-
tiff.

*Greer & Fleming, P. C.,* for defendant.

Before: T. M. BURNS, P. J., and V. J. BRENNAN
and BASHARA, JJ.

REFERENCE FOR POINTS IN HEADNOTE
12 Am Jur 2d, Breach of Peace and Disorderly Conduct § 38.

V. J. Brennan, J. Defendant, Donald Beatty, was apprehended by a police officer of the City of Fremont on May 22, 1972, for loitering. He was proceeded against in the Newaygo County Probate Court where the central issue became the constitutional validity of section 1(B)(8) of the Fremont City Ordinance "regulating the public peace and defining a disorderly person". After a hearing was held and written arguments were submitted, the probate court judge dismissed the action against defendant holding that the ordinance was repugnant to the Michigan and Federal Constitutions. The City of Fremont's appeal to the Newaygo County Circuit Court resulted in the reversal of the decision of the probate court judge. Judge Van Domelen of the Newaygo County Circuit Court held that the ordinance was a valid exercise of the municipality's legislative power and that it did not violate the provisions of the Federal or Michigan Constitutions. We granted defendant's application for leave to appeal and, after reviewing the ordinance in question, are compelled to reverse the determination of the circuit court.

Section 1(B)(8) of the ordinance provides:

"SECTION 1. Disorderly Persons. Any Person shall be deemed a disorderly person, who shall, or who shall aid and abet another to:

"B. Loiter on any street or sidewalk or in any park or public building. The following acts shall be deemed to constitute loitering within the meaning of this subsection when done or performed within the area in the City of Fremont bounded by Weaver Street on the West, Darling Street on the East, Dayton Street on the North, and Sheridan Street on the South:

* * *

"(8) Sit or recline in office windows, window-sills or ledges outside of office windows in any building open to the public or to which the public is invited."

This section of the ordinance declares that any person who sits or reclines in an office window in a certain named section of the city shall be deemed to be a disorderly person. It is the mere act of sitting in an office window or on a window ledge that constitutes a violation of this section. By defining a disorderly person in the manner it does, this section of the ordinance suffers from the same constitutional infirmity as that found to be present in the ordinance examined in *Detroit v Sanchez,* 18 Mich App 399; 171 NW2d 452 (1969). It is overbroad. It reaches innocent conduct that has no tendency to endanger the health, safety, welfare, or morals of the community. See *Detroit v Bowden,* 6 Mich App 514; 149 NW2d 771 (1967), *lv den,* 379 Mich 772 (1967). The ordinance does not, as did the ordinances in *East Lansing v Deutsch,* 19 Mich App 74; 172 NW2d 392 (1969), and *Detroit v Wedlow,* 17 Mich App 134; 169 NW2d 145 (1969), qualify the proscription for some valid municipal purpose such as to prevent the obstruction of free passage over sidewalks. Nowhere in this section is such a legitimate public purpose expressed. Accordingly, we reverse the decision of the circuit court and hold that section 1(B)(8) of the above ordinance is unconstitutional under the Michigan and Federal Constitutions.[1] We express no opinion as to the constitutionality of the remainder of the ordinance. See *Detroit v Wilson,* 19 Mich App 595; 173 NW2d 252 (1969).

Reversed.

All concurred.

---

[1] Const 1963, art 1, § 17; US Const, Am XIV.