LANE v. DEPARTMENT OF CORRECTIONS, PAROLE BOARD.

1. PARDON AND PAROLE—PAROLE BOARD—MODIFICATION OF ORDER.
   An order of parole may be amended, revised, modified or rescinded at the discretion of the parole board (CLS 1961, § 791.236).

2. STATUTES—CONSTRUCTION—EXECUTIVE INTERPRETATION.
   The construction given a statute by the department charged with the duty of executing it is given great weight and that construction is not to be overturned unless clearly wrong or unless another construction is plainly required.

3. PARDON AND PAROLE — EXTENSION OF PAROLE — CONSTRUCTION OF STATUTES — EXECUTIVE INTERPRETATION — LEGISLATIVE ACQUIESCENCE.
   The intention of the legislature that the parole board have the power to extend the period of parole without a hearing is shown by unambiguous statutory provisions giving the parole board the power to modify its orders at its discretion and providing a hearing only for one returned to prison under an accusation of parole violation, by the long time during which the parole board extended paroles without notice and

REFERENCES FOR POINTS IN HEADNOTES
[1–7, 9] 39 Am Jur, Pardon, Reprieve and Amnesty §§ 81–95.
[8] 5 Am Jur 2d, Appeal and Error § 967 et seq.
[3, 5] Right to notice and hearing before revocation of suspension of sentence, parole, conditional pardon, or probation. 29 ALR2d 1074.

hearing with no legislative objection, and by recent legislation restricting a parolee's rights when charged with parole violation (MCLA §§ 791.236, 791.240a).

4. PARDON AND PAROLE—INDETERMINATE SENTENCE—PAROLE BOARD—JURISDICTION.

A prisoner sentenced to an indeterminate sentence and confined in a state prison or reformatory is subject to the jurisdiction of the parole board when he has served a period of time equal to the minimum sentence imposed by the court for the crime of which he was convicted, less allowances for good time and special good time (CLS 1961, § 791.234).

5. PARDON AND PAROLE—PAROLE BOARD—HEARING—RIGHT—STATUTE.

A prisoner has a statutory right to a hearing before the parole board at least one month before expiration of the minimum sentence term for that prisoner by the provision that the parole board must cause each prisoner along with pertinent information to be brought before it and that the board shall reach its own conclusion as to the desirability of releasing the prisoner on parole (CLS 1961, § 791.235).

6. PARDON AND PAROLE—PRISONER—STATUS.

A paroled prisoner is still serving his sentence and is not released but is simply permitted to go outside the prison enclosure (MCLA 1969 Cum Supp § 791.238).

7. PARDON AND PAROLE—PAROLE BOARD—RELEASE—REVIEW.

Time of release of a prisoner from parole is discretionary with the parole board and the action of the parole board in releasing prisoners is not reviewable if in compliance with the law (CLS 1961, § 791.234).

8. APPEAL AND ERROR—CRIMINAL LAW—SENTENCE—DISCRETION—REVIEW.

An appellate court does not have supervisory control over the sentence imposed in a trial court if that sentence is *within* the maximum permitted by law.

9. PARDON AND PAROLE—SENTENCES—PAROLE BOARD—DISCRETION.

A trial court possesses the discretionary right to determine minimum sentences and, within the statutes, the parole board possesses the same discretion in determining the length of parole (MCLA § 791.234 *et seq.*).

Appeal from Court of Appeals, Division 2, Fitzgerald, P. J., and T. G. Kavanagh and Levin, JJ.,

granting a writ of mandamus against the Department of Corrections, Parole Board. Submitted October 8, 1969. (Calendar No. 9, Docket No. 52,296.) Decided January 12, 1970.

14 Mich App 557, reversed.

Original action in Court of Appeals by Edgar Alton Lane against the Department of Corrections, Parole Board, for a writ of mandamus to compel defendant to terminate plaintiff's period of parole. Writ granted. Defendant appeals. Reversed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Stewart H. Freeman,* Assistant Attorney General, for defendant.

KELLY, J. After serving seven years in the state prison of southern Michigan on a robbery armed conviction and sentence of "not less than 15 years nor more than 50 years, with a recommendation of 15 years," plaintiff-appellee Lane on August 19, 1963, was permitted to leave the prison enclosure on a special parole for a period of 36 months.

After considering the file and records of Lane's conduct while on parole, the Parole Board on August 10, 1966, extended the period of parole by the following order: "Parole period extended three years to expire August 19, 1969."

Plaintiff's attorney requested and received from the Parole Board the following reasons for extending the parole:

"(1) Subject was originally sentenced by Judge Roth to a term of 15 to 50 years because of a series of serious armed robberies.

"(2) His original parole was for three years because of our feeling that he needed rather lengthy supervision.

"(3) His parole adjustment has been very poor since he has been under investigation for serious crimes since May of 1965. In fact, there is a current felony charge pending.

"(4) His parole adjustment has done nothing to give the parole board confidence in him, so we still feel that he needs a rather extensive period of supervision.

"(5) The public interest demands this action and we would be remiss in our duties to do otherwise."

Lane filed a complaint for a writ of mandamus and after "show cause" order was issued and oral arguments were heard, the Court of Appeals entered an order discharging him from parole, assigning two reasons:[1]

1. "Lane should have been given notice and an opportunity to be heard before entry of the order extending the period of his parole. * * * Lane was accused, in substance if not in form, of a violation of his parole. He thus was entitled to a hearing as expressly provided in § 40 * * * (CLS 1961, § 791.240 [Stat Ann 1954 Rev § 28.2310])" providing that "Whenever a paroled prisoner is accused of a violation of his parole * * * he shall be entitled to a fair and impartial hearing of such charges within 30 days before 2 members of the parole board."

2. A hearing is necessary so that the court may "inquire whether the power of amendment, revision, modification and rescission has been exercised by the parole board in an arbitrary manner. * * * It would be beyond the competence of the legislature to deprive the courts of their power to review the lawfulness of the administrative action of any body or

[1] 14 Mich App 557, 561, 562, 563.

tribunal established by law, including the parole board. The courts cannot effectively exercise their power to pass on the action of the parole board in a case such as this unless a record is made which lends itself to such review. It would unduly burden our Court for the parole board to defer making such a record unless and until we order it to be made after reviewing the application seeking relief and the parole board's response case by case."

Defendant presents the question:

"Absent statutory provision for notice and hearing, may the Parole Board exercise its discretion to amend, revise, modify or rescind an existing order of parole without a formal hearing, upon majority vote of the board following a full review of its own files?"

In support of a motion filed in this Court for a stay of proceedings, the chairman and three members of the Parole Board signed an affidavit alleging that the method used in extending Lane's parole was in conformity with the method the board has used in extending paroles since the 1937 legislative enactment[2] providing that:

"Any order of parole may be amended, revised, modified or rescinded at the discretion of the parole board."

Defendant stresses the importance of the issue presented in this appeal by stating that "literally hundreds of state prisoners will be affected by the disposition of this cause."

---

[2] PA 1937, No 255, ch 3, § 6 (Repealed and reenacted by PA 1947 [2nd Ex Sess] No 4, § 34; again repealed and reenacted by PA 1953, No 232, § 36); CLS 1961, § 791.236 (Stat Ann 1954 Rev § 28.2306).

I

There is nothing in the record to substantiate the statement in the Court of Appeals' opinion that "Lane was accused, in substance if not in form, of a violation of his parole," and/or to refute the fact as stated by the Parole Board that Lane's parole was extended because "his parole adjustment has been very poor" and "his parole adjustment has done nothing to give the parole board confidence in him, so we still feel that he needs a rather extensive period of supervision."

There is no ambiguity in the wording of § 40:[3] "Whenever a paroled prisoner is accused of a violation of his parole   *   *   *   he shall be entitled to a fair and impartial hearing," nor in the words we find in § 36:[4] "Any order of parole may be amended, revised, modified or rescinded at the discretion of the parole board."

In this regard we quote from defendant's brief:

"The modification of this prisoner's parole was entered while he was still on parole outside the prison walls.   The clear intent of the statute is only to require a formal hearing *when conditional liberty is in danger of being completely revoked.*   In the present case, there was no material change in the conditions of parole—the effect of the modification was simply to maintain the *status quo ante,* conditional liberty.   If the legislature had intended a hearing to be held on all such modifications, it must be presumed that the statute would so provide." (Emphasis ours.)

There is nothing in the record to controvert the board's sworn statement that for many years it has extended paroles without notice and hearings, in

---

[3] CLS 1961, § 791.240 (Stat Ann 1954 Rev § 28.2310).
[4] CLS 1961, § 791.236 (Stat Ann 1954 Rev § 28.2306).

the same manner it extended Lane's parole. This fact is important in deciding this appeal.

In *Roosevelt Oil Company* v. *Secretary of State* (1954), 339 Mich 679, we said (p 694):

"It is a familiar rule of statutory construction that great weight is properly to be given to the construction consistently given to a statute by the executive department charged with its administration. * * * And such construction is not to be overturned unless clearly wrong, or unless a different construction is plainly required."

On rehearing in *Magreta* v. *Ambassador Steel Company* (1968), 380 Mich 513, we said (pp 519, 520):

"The second basis which convinces us we did not properly apply the recognized tests of statutory construction was our failure to accord sufficient weight to the invariant interpretation accorded the statute by the commission legislatively delegated to administer it. Admittedly, our original decision gave to the statute an interpretation in conflict with that accorded it by the commission over the years.

"In *Boyer-Campbell Co.* v. *Fry* (1935), 271 Mich 282, 296, we quoted with approval the following language of the United States Supreme Court in *United States* v. *Moore* (1877), 95 US 760, 763, (24 L Ed 588, 589):

" 'The construction given to a statute by those charged with the duty of executing it is always entitled to the most respectful consideration and ought not to be overruled without cogent reasons.'

"Third, we must recognize that we did not consider the doctrine of legislative acquiescence to have any bearing on the issue."

In *Melia* v. *Employment Security Commission* (1956), 346 Mich 544, we stated (p 565):

"The executive interpretation given a law by officials charged with its administration must be presumed to have been known to the legislature."

Section 40, which the Court of Appeals relied upon to sustain its finding that Lane should be discharged because the Parole Board extended his parole without hearing, was repealed by PA 1968, No 192 (effective November 15, 1968), previous to the Court of Appeals December 2, 1968, opinion and order. PA 1968, No 192, thus repealed the provision that:

"Whenever a paroled prisoner is accused of a violation of his parole  *  *  *  he shall be entitled to a fair and impartial hearing of such charges within 30 days before 2 members of the parole board,"

and in its place we find the words:[5]

"Within 30 days after a paroled prisoner has been returned to a state penal institution under accusation of a violation of his parole  *  *  *  he shall be entitled to a hearing on such charges."

Commenting on the repeal of § 40 by the 1968 act, defendant states:

"The fact that the hearing provisions of § 40 were repealed in the last session of the legislature itself rebuts the inferences of the Court of Appeals. Act 192 contains a new hearing provision. Comparison of present § 40a with former § 40 reveals a clear legislative intent to limit the rights of paroled prisoners rather than to enlarge them. The legislature has eliminated the former statutory right to confront witnesses at a parole violation hearing. Deleted also from the present act is the former right to the use of compulsory process at such hearings. The inference by the Court of Appeals that the lim-

[5] PA 1968, No 192, § 40a (MCLA 1969 Cum Supp § 791.240a [Stat Ann 1969 Cum Supp § 28.2310(1)]).

ited procedural rights at a parole violation hearing apply generally to all actions of the Parole Board is manifestly unfounded in the statutory language."

The explicit, unambiguous wording of the two sections, the silence and absence of legislative objections during the extended period the board has construed the statute as giving the right to extend paroles without hearings, the recent change in the parolee's rights when charged with violating parole, convince us it has been and still is the intent of the legislature that paroles can be extended without hearings.

## II

Pursuant to the Constitution,[6] the legislature passed the indeterminate sentence law and created the Parole Board.

The legislature provided:[7]

"Every prisoner sentenced to an indeterminate sentence and confined in a state prison or reformatory * * * , when he has served a period of time equal to the minimum sentence imposed by the court for the crime of which he was convicted, less allowances made for good time and special good time, *shall be subject to the jurisdiction of the parole board."* (Emphasis ours.)

The legislature declared that the prisoner has a statutory right to a hearing before the Parole Board, by the following enactment:[8]

"The release of a prisoner on parole shall be granted solely upon the initiative of the parole board. At least 1 month prior to the expiration of

6 "The legislature may provide for indeterminate sentences as punishment for crime and for the detention and release of persons imprisoned or detained under such sentences." Const 1963, art 4, § 45. *Cf.* Const 1908, art 5, § 28.

7 CLS 1961, § 791.234 (Stat Ann 1969 Cum Supp § 28.2304).

8 CLS 1961, § 791.235 (Stat Ann 1954 Rev § 28.2305).

the minimum term of each prisoner eligible for parole, less good time or special good time allowances, it shall be the duty of the parole board to cause each prisoner to be brought before it, together with all pertinent information with regard to such prisoner. Included in such information shall be a report of the warden of each prison or reformatory in which such prisoner has been confined as to the prisoner's conduct with a detailed statement as to all infractions of rules and discipline, punishment given to such prisoner and the circumstances connected therewith; the extent to which such prisoner appears to have responded to the efforts made to improve his social attitude; the prisoner's industrial record while confined, the nature of such occupation, and a recommendation as to the kind of work he is best fitted to perform and at which he is most likely to succeed when he is released; and the results of such physical, mental and psychiatric examinations as have been made of the prisoner. The parole board shall reach its own conclusions as to the desirability of releasing such prisoner on parole. All decisions of the parole board shall be by majority vote."

While the Parole Board has been given the right to reach "its own conclusions as to the desirability of releasing such prisoner on parole," the board must comply with the statutory requirement that "whenever an order for parole is issued it shall contain the conditions thereof and shall specifically provide proper means of supervision," and the demand that notice of such parole "shall be given the sheriff, in writing, or other local police officers of the municipality or county in which the prisoner was convicted, and to the sheriff or other local police officer of the municipality or county to which the paroled prisoner is sent."[9]

---

[9] CLS 1961, § 791.236 (Stat Ann 1954 Rev § 28.2306).

The status of the prisoner while on parole is clearly defined by the legislature as follows:[10]

"A parole granted a prisoner shall be construed simply as a permit to such prisoner to go without the enclosure of the prison, and not as a release, and while so at large he shall be deemed to be still serving out the sentence imposed upon him by the court, and shall be entitled to good time the same as if he were confined in prison."

and his right to release is definitely established by the enactment that:[11]

"The time of his release on parole shall be discretionary with the parole board. The action of the parole board in releasing prisoners shall not be reviewable if in compliance with law."

An appellate court does not have supervisory control over the sentence imposed in the trial court. In *Cummins* v. *People* (1879), 42 Mich 142, we stated:

"It is also alleged as error that the sentence was unusually severe, and that in the light of all the facts it was in violation of the constitutional provision which declares that 'cruel or unusual punishment shall not be inflicted.' The sentence was not in excess of that permitted by statute, and when within the statute, this court has no supervisory control over the punishment that shall be inflicted. The statute gives a wide discretionary power to the trial court upon the supposition that it will be judicially exercised in view of all the facts and circumstances appearing on the trial."

In *People* v. *Connor* (1957), 348 Mich 456, 463, we said:

---

[10] CLS 1961, § 791.238 (Stat Ann 1954 Rev § 28.2308). PA 1968, No 192, amended this section but reenacted this exact language. See MCLA 1969 Cum Supp § 791.238 (Stat Ann 1969 Cum Supp § 28-.2308).

[11] CLS 1961, § 791.234 (Stat Ann 1969 Cum Supp § 28.2304).

"It is also urged that the court abused its discretion in sentencing defendant to a minimum of 8 years. The sentence imposed is within the penalty imposed by statute. In such cases the Supreme Court is without power to alter or change a sentence."

That the Court of Appeals has recognized our rule is evidenced by the following from *People* v. *Doran* (1967), 6 Mich App 86, 88:

"The sentence imposed by the trial judge was within the maximum provided by the statute and this court does not have supervisory control over the punishment." (Citing *People* v. *Pate* (1965), 2 Mich App 66).

We quote from defendant's brief:

"If an appellate court does not have supervisory control over the sentence imposed in the trial court, there appears to be no basis in law for the Court of Appeals to assume supervisory control over the question of how much of that validly imposed sentence will be served outside of prison walls on parole status."

The trial court possesses the discretionary right to determine minimum sentences and, within the statutes, the Parole Board possesses the same discretion in determining the length of parole. We see no merit in the Court of Appeals' reasoning on this issue.

Court of Appeals reversed.

T. E. BRENNAN, C. J., and DETHMERS, BLACK, and ADAMS, JJ., concurred with KELLY, J.

T. M. KAVANAGH, J., concurred in result.

T. G. KAVANAGH, J., did not sit in this case.