ST JOSEPH TOWNSHIP v STATE BOUNDARY COMMISSION

Docket No. 44976. Submitted April 3, 1980, at Lansing.—Decided
November 5, 1980.

The City of St. Joseph petitioned the State Boundary Commission
for annexation of a parcel of land located in St. Joseph Town-
ship. The commission approved the petition and the township
filed a petition in Ingham Circuit Court challenging the find-
ings and decision of the commission. The City of St. Joseph was
allowed to intervene as a party defendant. The court, Jack W.
Warren, J., granted summary judgment in favor of the commis-
sion on the basis that the township had failed to state a claim
upon which relief could be granted. The township appeals,
alleging that the commission's findings were not supported by
competent, material and substantial evidence, that the trial
court erred in allowing the commission an extension of time in
which to file its records with the court, and that because a
prior petition for annexation of the same parcel had been
rejected by the commission as legally insufficient less than two
years prior to the filing of the present petition the commission
was statutorily precluded from consideration of the present
petition. *Held:*

1. A review of the record indicates that the commission's
findings of fact were supported by competent, material and
substantial evidence.

2. Under the statute which governs the submission of the
records of the commission proceedings to the circuit court, the
court has discretionary authority to extend the statutory time
period. In this case the trial court did not abuse that discretion
when it granted the commission's motion to extend the time for
filing.

3. The statute which prohibits consideration of a petition

REFERENCES FOR POINTS IN HEADNOTES
[1] 2 Am Jur 2d, Administrative Law §§ 633, 688, 689.
[2] 2 Am Jur 2d, Administrative Law § 719.
[3] 73 Am Jur 2d, Statutes § 194.
[4] 56 Am Jur 2d, Municipal Corporations, Counties, and Other
Political Subdivisions § 63.
Proper remedy or procedure for attacking legality of proceedings
annexing territory to municipal corporations. 18 ALR2d 1255.

where a previous petition has been filed and denied within the preceding two years does not apply where the denial of the previous petition was for lack of legal sufficiency.

Affirmed.

1. Administrative Law — Review — Substantial Evidence.

A reviewing court, in determining whether an administrative agency decision is supported by "substantial evidence", must conduct a thorough review of the administrative decision which considers the whole record; such a review does not attain the status of a *de novo* review but does entail a degree of qualitative and quantitative evaluation of the evidence considered by the agency and the courts must accord due deference to administrative expertise and not invade the province of exclusive administrative fact-finding.

2. Boundaries — Courts — Statutes — Filing Deadline.

A circuit court is vested with discretionary authority to extend the statutory time period within which the State Boundary Commission is required to file its records with the court after service of a petition for judicial review of a commission decision (MCL 24.304[2]; MSA 3.560[204][2]).

3. Statutes — Interpretation of Statutes — Plain and Unambiguous Language.

The provisions of a statute will be applied as written where the language of the statute is plain and unambiguous.

4. Boundaries — Statutes — Annexation Petitions — Merits of Petition — Legal Sufficiency of Petition.

The statute which prohibits consideration by the State Boundary Commission of a petition for annexation of territory where a prior petition for annexation of all or any part of the same territory was filed and denied within the preceding two years applies to cases in which the prior petition was denied on its merits but not to cases where the prior petition was rejected for failing to meet the threshold requirements of legal sufficiency (MCL 117.9[2], [6]; MSA 5.2088[2], [6]).

*Hartwig, Crow, Jones & Postelli,* for plaintiff.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Milton I. Firestone* and *Michael J. Moquin,* Assistants Attorney General, for the State Boundary Commission.

*Thrun, Maatsch & Nordberg* (by *Patrick J. Berardo* and *Michael A. Eschelbach),* for the City of St. Joseph.

Before: BASHARA, P.J., and M. J. KELLY and D. R. FREEMAN,* JJ.

PER CURIAM. Plaintiff Township of St. Joseph appeals from a decision of the lower court affirming the Michigan State Boundary Commission's approval of the City of St. Joseph's petition for annexation of a ten-acre parcel of land located in the township.

On March 13, 1972, the City of St. Joseph filed a petition seeking to annex two parcels of land. The petition was later rejected as legally insufficient based upon defects found in the affidavit and notarization accompanying the document. A subsequent petition was filed on September 6, 1972, which met the legal sufficiency standards. An adjudicative meeting held by the commission to consider the petition resulted in approval of the annexation of parcel A, but a denial of incorporation of parcel B. On August 9, 1973, the commission adopted the findings of fact reached at the adjudicative session.

Plaintiff then filed a petition in the circuit court, challenging the commission's factual conclusions and final order. The township contended that the petition was barred from consideration because it was filed within two years of another petition covering the same property. MCL 117.9(6); MSA 6.2088(6). The plaintiff further alleged that the findings as a whole had no basis in fact and were contrary to the criteria set forth in MCL 123.1009; MSA 5.2242(9). A temporary restraining order,

* Circuit judge, sitting on the Court of Appeals by assignment.

stipulated to by the parties on November 2, 1973, prevented immediate annexation.

On February 11, 1975, the Attorney General, on behalf of the Boundary Commission, moved to extend the time to file records of the Boundary Commission's consultations. Prior to the circuit court's decision on the motion, the commission filed 27 exhibits concerning the disputed parcels. Thereafter, the circuit court, without delineating its reasons, granted the commission's motion to extend the time of filing. By stipulation, the parties agreed that the 27 exhibits encompassed all of the evidence presented in the commission's proceedings.

On March 8, 1978, the Attorney General moved for summary judgment pursuant to GCR 1963, 117.2(1), alleging that the plaintiff failed to state a claim upon which relief could be granted. The Attorney General argued that, given the Supreme Court's decision in *Midland Twp v State Boundary Comm,* 401 Mich 641; 259 NW2d 326 (1977), the only possible issue left for decision was whether the Boundary Commission's order was supported by competent, material and substantial evidence on the whole record. Contending that such evidence supported the order approving the annexation of parcel A, the Attorney General requested that summary judgment be granted. After considering the briefs and conducting a hearing, the circuit court granted the motion.

The plaintiff initially contests the circuit court's conclusion finding competent, material and substantial evidence to support the commission's factual determinations. MCL 24.306(1)(d); MSA 3.560(206)(1)(d); Const 1963, art 6, § 28. In *Midland Twp v State Boundary Comm, supra,* pp 672-673, the Supreme Court noted with approval a prior

analysis of substantial evidence made by Justice
FITZGERALD:

"The key phrase 'substantial evidence' has been con-
strued by this Court to require
" 'a thorough judicial review of administrative deci-
sion, a review which considers the whole record—that
is, both sides of the record—not just those portions of
the record supporting the findings of the administrative
agency. Although such a review does not attain the
status of *de novo* review, it necessarily entails a degree
of qualitative and quantitative evaluation of evidence
considered by an agency. Such review must be under-
taken with considerable sensitivity in order that the
courts accord due deference to administrative expertise
and not invade the province of exclusive administrative
fact-finding by displacing an agency's choice between
two reasonably differing views. Cognizant of these con-
cerns, the courts must walk the tightrope of duty which
requires judges to provide the prescribed meaningful
review.' *Michigan Employment Relations Commission v
Detroit Symphony Orchestra, Inc,* 393 Mich 116, 124;
223 NW2d 283 (1974)."

The *Midland Twp* Court further described the
deferential standard of review for circuit courts
evaluating Boundary Commission proceedings:

"Resolution of a controverted annexation unavoidably
involves political considerations and the exercise of a
large measure of discretion. Evaluation of the record
and of the commission's balancing of the criteria and
determination of reasonableness implicates the merits
of the proposed annexation and poses considerable risk
of drawing the judiciary into the resolution of what
continues to be—despite the adoption of the administra-
tive format—essentially a political question.
"No vested right or legally protected interest being
involved, the judiciary ought to be especially circum-
spect in reviewing commission rulings and determina-

tions." *Midland Twp, supra,* pp 673-674. (Footnote omitted.)

We conclude that the circuit court correctly found the commission's factual findings supported by competent, material and substantial evidence. Specifically, the commission's description of the parcel as "mostly uninhabited, unimproved land" is not inaccurate where evidence indicated only a school building and a savings and loan association building on the ten-acre parcel. Additionally, the evidence of past successful developments in the area supports the commission's finding that the defendant city could provide "full urban type services to the area". Finally, the commission had sufficient evidence before it from which to conclude that no substantial loss of state equalized valuation income would result by removing the parcel from township tax rolls.

The plaintiff next alleges error in the circuit court's decision granting the commission's motion to extend the time period for filing agency records. The applicable time period within which filing is required commences upon service of an appellant's petition for judicial review. This period is statutorily provided in MCL 24.304(2); MSA 3.560(204)(2):

"Within 60 days after service of the petition, or within such further time as the court allows, the agency shall transmit to the court the original or certified copy of the entire record of the proceedings, unless parties to the proceedings for judicial review stipulate that the record be shortened. A party unreasonably refusing to so stipulate may be taxed by the court for the additional costs. The court may permit subsequent corrections to the record."

Under this statutory mandate, a circuit court is

vested with discretionary authority to extend the period of time in which the agency record must be filed. Also, the provision does not restrict exercise of the court's discretion to motions made within the 60-day period. Absent proof that the circuit court's decision was "so palpably and grossly violative of fact and logic that it evidences not the exercise of will but perversity of will, not the exercise of judgment but definance thereof, not the exercise of reason but rather of passion or bias", *Spalding v Spalding,* 355 Mich 382, 384-385; 94 NW2d 810 (1959), the lower court did not abuse its discretion in granting the commission's motion.

Plaintiff's final argument assails the commission's consideration of the instant petition as violative of the two-year restriction on duplicate petitions embodied in MCL 117.9(6); MSA 5.2088(6). The statutory restriction provides:

"The commission shall reject a petition or resolution for annexation of territory which includes all or any part of the territory which was described in any petition or resolution for annexation filed within the preceding 2 years and which was denied by the commission or was defeated in an election pursuant to subsection (5)."

Plaintiff's interpretation of the language would preclude the filing of a second petition within two years of a petition denied on its merits or for failing to meet the threshold requirement of legal sufficiency. We disagree.

Analysis of the act in which the restriction on second petitions is found discloses a substantial difference between petitions determined to be legally insufficient and those which are denied on the merits. Pertinent to this distinction is MCL 117.9(2); MSA 5.2088(2):

"Except as provided in subsections (1) and (8), a petition or resolution for annexation of territory shall be filed in the Lansing office of the state boundary commission. The commission, *after determining the validity of the petition or resolution,* shall hold a public hearing in or reasonably near the area proposed for annexation. *The commission in processing and approving, denying or revising a petition or resolution for annexation* shall have the same powers and duties and be in accordance with and subject to the provisions of Act No. 191 of the Public Acts of 1968, relating to petitions which propose incorporations." (Emphasis added.)

When addressed with a question of statutory intent, this Court first reviews the specific language of the disputed law. *Lamphere Schools v Lamphere Federation of Teachers,* 400 Mich 104; 252 NW2d 818 (1977). If the language of a statute is plain and unambiguous, its provisions will be applied as written. *Dussia v Monroe County Employees Retirement System,* 386 Mich 244; 191 NW2d 307 (1971). The clear intent of this legislative mandate is to separate the determination of legal sufficiency, which the City of St. Joseph's initial petition lacked, from a determination of the petition on its merits. *Avon Twp v State Boundary Commission,* 96 Mich App 736; 292 NW2d 691 (1980). In so doing, the statute prevents a municipality from filing repeated petitions in an effort to force a requested annexation on an unwilling commission.

The plaintiff's interpretation is also contrary to that of the commission itself.[1] Such an administrative analysis has been found to be entitled to "the

---

[1] By interpretative rule, the commission has stated "The 2 year period shall not apply to annexation petitions or resolutions that are rejected by the commission for not being legally sufficient". 1974 AACS R.123.24(5).

most respectful consideration" and should not be set aside "without cogent reasons". *Lane v Dep't of Corrections, Parole Board,* 383 Mich 50, 56; 173 NW2d 209 (1970), quoting *United States v Moore,* 95 US 760, 763; 24 L Ed 588 (1877). The plaintiff's arguments disclose no substantial support for its interpretation, contrary to the plain language of the statute.

For the foregoing reasons we conclude that the circuit court properly granted the defendant commission's motion for summary judgment.

Affirmed, no costs, a public question being involved.