ACCO INDUSTRIES, INC v DEPARTMENT OF TREASURY

Docket No. 69684. Submitted November 3, 1983, at Lansing.—Decided April 30, 1984. Leave to appeal applied for.

The Department of Treasury assessed tax deficiencies against ACCO Industries, Inc., for the years 1976 to 1979 based upon differences between the methods of computing labor intensity under the Single Business Tax Act. The method used by ACCO divided its worldwide compensation by its tax base after all apportionment, allocations, and adjustments as set forth in the act. The Department of Treasury divides worldwide compensation by the worldwide tax base unallocated and unadjusted. The difference between the two methods of calculation resulted in the assessments against ACCO, totalling $201,455. ACCO filed a petition for review with the Michigan Tax Tribunal, protesting the deficiency assessments. The tribunal entered judgment in favor of the Department of Treasury. ACCO appeals. The Department of Treasury cross-appeals, contending that the Tax Tribunal hearing officer erred in excluding the testimony of one of its witnesses. *Held:*

1. The method of computation used by the Department of Treasury achieves the result intended by the Legislature when it enacted the Single Business Tax Act.

2. The Tax Tribunal hearing officer erred in refusing to allow an analyst with the office of Revenue and Tax Analysis to testify on behalf of the Department of Treasury. The error was harmless, however, because of the decision rendered by the hearing officer.

Affirmed.

1. TAXATION — SINGLE BUSINESS TAX.

The Michigan single business tax is a value added tax levied for

REFERENCES FOR POINTS IN HEADNOTES

[1] 71 Am Jur 2d, State and Local Taxation § 16.

[2] 73 Am Jur 2d, Statutes § 265.

[3] 73 Am Jur 2d, Statutes § 350.

[4] 73 Am Jur 2d, Statutes § 168.

Supreme Court's view as to weight and effect to be given, on subsequent judicial construction, to prior administrative construction of statute. 39 L Ed 2d 942.

the privilege of doing business in Michigan; it does not tax profits, assets, or net worth but, rather, economic activity and growth by taxing the increase in value of goods and services brought about by whatever is done to them between the time of purchase and sale (MCL 208.1 *et seq.;* MSA 7.558[1] *et seq.).*

2. STATUES — JUDICIAL CONSTRUCTION.

A statute must be construed to avoid unreasonable consequences.

3. STATUTES — AMENDMENTS — RETROACTIVITY.

An amendment to a statute, the meaning of which has been settled, changes the statute; however, where varying interpretations of a statute create an uncertainty, an amendment adopted for the purpose of making plain what the legislative intent was in originally enacting the statute is entitled to retroactive effect.

4. ADMINISTRATIVE LAW — STATUTES — JUDICIAL CONSTRUCTION.

The construction given a statute by those charged with administering it should be given deference and should not be overturned unless clearly wrong or another construction is plainly required.

*Dickinson, Wright, Moon, Van Dusen & Freeman* (by *Peter S. Sheldon),* for petitioner.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Richard R. Roesch* and *Terry P. Gomoll,* Assistants Attorney General, for respondent.

Before: CYNAR, P.J., and BEASLEY and T. GILLESPIE,* JJ.

T. GILLESPIE, J. ACCO Industries, Inc., which was formerly known as American Chain and Cable Company, is incorporated in New York, with its principal office in Connecticut. The company operated plants in Warren, Adrian, and Plymouth, Michigan. These operations rendered the company liable for Michigan's single business tax, MCL

---

* Circuit judge, sitting on the Court of Appeals by assignment.

208.1 *et seq.;* MSA 7.558(1) *et seq.* A difference in the methods used by the company and the Michigan Department of Treasury to compute the labor intensive component of the tax caused the Treasury to issue deficiency assessments against ACCO for the years 1976 to 1979. ACCO filed a petition with the Michigan Tax Tribunal protesting the assessments. The Tax Tribunal entered judgment in favor of the Treasury. From that judgment ACCO appeals to this Court. We find the legislative intent as to the computation under § 31(5) of the Single Business Tax Act, which measures labor intensity, to coincide with the Treasury's position and therefore affirm the decision of the Tax Tribunal.

A brief description of the single business tax is in order. The Michigan single business tax is unique to Michigan. It is a value added tax levied for the privilege of doing business in this state. The tax is an adaptation of a tax common in Western Europe. It does not tax profits, assets, or net worth. What is taxed is economic activity and growth. This is accomplished by taxing the increase in value of goods and services brought about by whatever is done to them between the time of purchase and sale.

A brief discussion of the tax may be found in *Stockler v Dep't of Treasury,* 75 Mich App 640, 643; 255 NW2d 718 (1977), and *Town & Country Dodge, Inc v Dep't of Treasury,* 118 Mich App 778, 786; 325 NW2d 577 (1982).

Briefly, the tax is imposed by determination of the nationwide or worldwide tax base of the company, which is computed by calculation of a number of complex factors defined in a formula set forth in MCL 208.9; MSA 7.558(9). The tax base is then "apportioned" by applying a set of computa-

tions set forth in MCL 208.40 to 208.69; MSA 7.558(40) to 7.558(69), to arrive at a "Michigan tax base". After that calculation is completed, a labor intensive company may deduct another percentage computed in accordance with § 31(5), MCL 208.31(5); MSA 7.558(31)(5). It is the latter calculation which is here in issue.

The issue is the legislative intent when, in 1975, the act was passed.

At the times concerned in this appeal, § 31(5) read:

"In lieu of the adjustment provided in subsection (2) or (3) a person may elect to reduce the adjusted tax base by the percentage that compensation exceeds 65% of the total tax base. The deduction shall not exceed 35% of the adjusted tax base." 1975 PA 228.

The term "total tax base" used in this short passage creates an ambiguity. The term does not appear elsewhere in the act. Elsewhere in the act the term "tax base" is used.

ACCO contends that by use of the term "total tax base" the Legislature meant the tax base after apportionment and allocations. ACCO computes the percentage deduction by dividing its worldwide compensation by its tax base after all apportionment, allocations, and adjustments.

The Treasury divides worldwide compensation by the worldwide tax base unallocated and unadjusted to arrive at the labor component.

The Treasury method obviously generates a lesser percentage for the deduction.

After this last step, a 2.35% tax is imposed.

The difference between the two methods of calculation resulted in the Treasury's issuing a tax deficiency against ACCO in the amount of $201,-

455 for the years in question. If the ACCO method of calculation were adopted, the estimated loss of revenue to the Treasury would amount to approximately $150,000,000 for each of the years affected. The difference in calculation, though simple in statement, is significant in effect.

It is necessary to determine what the intent of the Legislature was when it passed the act.

First, we must look to the basic English meaning of the words employed.

ACCO's contention would mean that we must find that "tax base" means less than "total tax base". Basic English construction would support the proposition that the word "total" added to the words "tax base" means a tax base undiminished by apportionment or allocation. *General Motors Corp v Erves (On Rehearing)*, 399 Mich 241, 253-255; 249 NW2d 41 (1976); *Chrysler Corp v Washington*, 52 Mich App 229; 217 NW2d 66 (1974).

We must next look to the expressed purpose of the legislation. The purpose was obviously to provide a tax advantage to labor intensive enterprises. The labor intensity of a Michigan business can be determined by a comparison of compensation paid in Michigan to its Michigan tax base. This does not, however, cover the expense of overhead and management which occurs elsewhere but is beneficial to the Michigan portion. The Treasury has seen fit to compare national or worldwide compensation with the national or worldwide tax base, which does provide a concept of the overall labor intensity of the enterprise.

ACCO's method of comparing worldwide compensation with a Michigan tax base is illogical.

It is a rule of construction that a statute must be construed to avoid unreasonable consequences. *Royal Oak School Dist v Schulman*, 68 Mich App

589, 593; 243 NW2d 673 (1976); *Shulevitz v Dep't of Treasury,* 78 Mich App 655, 658-659; 261 NW2d 31 (1977).

Most persuasive is the fact that the Legislature itself tells us its intention in the use of the word "total". When it passed 1981 PA 208, the Legislature removed the word "total" from § 31(5) and made the following note as to its intent:

"Deletions of the word 'total' made by this amendatory act in section 31 of the single business tax act, Act No. 281 of the Public Acts of 1975, as amended, being section 208.35 of the Michigan Compiled Laws, shall serve to cure and clarify any misinterpretation of the operation of section 31 since the effective date of Act No. 273 of the Public Acts of 1977. When originally enacted by Act No. 228 of the Public Acts of 1975, section 31 used the term 'total tax base' to indicate that the exclusions made by section 9(4)(c) of the single business tax act of a portion of the depreciation, amortization, or immediate or accelerated write-off related to the cost of tangible assets should be added back to the tax base, before apportionment or allocation, for purposes of section 31. However when, by Act No. 273 of the Public Acts of 1977, section 9(4)(c) was amended to require that all depreciation, amortization, or immediate or accelerated write-off related to the cost of tangible assets be included in a person's tax base, there became no difference between the 'tax base' and 'total tax base' of a person. The deletion of the word 'total' by this amendatory act is an expression of the Legislature's intent that the terms 'total tax base' and 'tax base' were, since the effective date of Act No. 273 of the Public Acts of 1977, to be considered synonymous and that its deletion by this amendatory act should be interpreted as a resolution of further misinterpretations."

ACCO insists that 1981 PA 208 has no retroactive effect and can have no influence on this decision. We disagree. We believe the effect of a

later statement of legislative intent by the Legislature on a disputed statute is binding on the Court.

There have been challenges in the circuit courts and the Court of Claims identical in form to this challenge mounted by ACCO. The rule is stated in *Detroit Edison Co v Janosz,* 350 Mich 606, 613-614; 87 NW2d 126 (1957), that in construing an amendment, if the meaning of the statute is settled, the amendment changes the statute amended. However, if varying interpretations of a statute create an uncertainty, then an amendment adopted for the purpose of making plain what the legislative intent had been all along from the time of the statute's enactment, such amendment does have a retroactive effect. A recent reiteration of this rule is found in *Production Credit Ass'n of Lansing v Dep't of Treasury,* 404 Mich 301, 318-319; 273 NW2d 10 (1978).

Lastly, the Treasury and the Legislature have utilized the computation formula urged by the Treasury in this suit since the effective date of the single business tax in 1976. The construction given by those charged with administering a statute should be given deference and that construction should not be overturned unless clearly wrong or another construction is plainly required. *Lane v Dep't of Corrections Parole Bd,* 383 Mich 50; 173 NW2d 209 (1970); *St Joseph Twp v State Boundary Comm,* 101 Mich App 407, 414-415; 300 NW2d 578 (1980). Section 31(5) of the Single Business Tax Act was construed in *Bechtel Power Corp v Dep't of Treasury,* 128 Mich App 324; 340 NW2d 297 (1983), and, in so doing, the panel recognized the above rule.

In respect to the Treasury's cross-appeal, we find that the hearing officer did err in refusing to allow Mr. Richard Willits, an analyst with the Office of

Revenue and Tax Analysis, to testify. Mr. Willits did have information on the views of the Legislature as to revenues to be produced by the tax which would be indicative of the Legislature's view as to how the tax should be computed. This was, however, harmless error because of the decision rendered by the hearing officer.

The decision of the Tax Tribunal is affirmed. No costs to be taxed as a public question is involved.