FRANK NORTH AND MARY E. JOHNSON v. JAMES M.
VAN TASSEL, JUDGE OF PROBATE OF TUSCOLA
COUNTY.

*Estates of deceased persons—Claims—Will—Specific devise—Allowance for support of family.*

1. An order closing the hearing of claims against an estate, made within the year allowed for its settlement, and after the expiration of the time fixed for the presentation of claims, but without proof of notice to creditors to present their claims, will not operate to close the estate so as to prevent the making of an order for an allowance to the widow for the support of herself and the minor children during the progress of such settlement.

2. It is for the probate court to determine, upon proper showing, the allowance to be made for the support of the widow and minor children during the progress of the settlement of an estate which is specifically devised and bequeathed, and the proportion each part of the estate shall contribute to the payment of such allowance.

*Certiorari* to review proceedings of respondent granting an order for an allowance for the maintenance of the widow and infant children of Townsend North, deceased. Argued October 28, 1890. Writ of *certiorari* quashed December 24, 1890. The facts are stated in the opinion.

*Frank L. Fales,* for petitioners.

*T. W. Atwood* and *T. C. Quinn,* for respondent.

*Hanchett, Stark & Hanchett,* for Celia G. North, contended:

1. It is only upon filing proof that notice to creditors to present claims has been given, as provided in How. Stat. §§ 5889, 5890, that the right to present them is barred; citing How. Stat. §§ 5895, 5901, 5946; and upon this record creditors were not so barred; citing *Willard v. Van Leeuwen,* 56 Mich. 15; *Hart v. Circuit Judge,* Id. 592.

2. This Court will presume that the proofs presented to the probate court were sufficient to authorize the order for the widow's allowance, and the statements of the affidavit upon which the certiorari was allowed are not evidence at all; citing *Case v. Frey*, 24 Mich. 251; *Tomlin v. Fisher*, 27 Id. 524; *People v. Leavitt*, 41 Id. 470; *Matthews v. Supervisors*, 48 Id. 587; *Whitbeck v. Hudson*, 50 Id. 86.

3. The fact that the widow and minor children were legatees does not prevent such allowance; citing *Moore v. Moore*, 48 Mich. 271; and whoever takes under the will takes subject to the provisions for the widow and minor children, and to the order of the probate court apportioning the share of these expenses which ought to be paid by them; citing How. Stat. §§ 5816–5820; *Miller v. Stepper*, 32 Mich. 194, 201, 202.

LONG, J. This is a *certiorari* to review the proceedings of the judge of probate of Tuscola county in granting an order for maintenance to the widow and infant children of Townsend North, deceased. Townsend North departed this life in Tuscola county on June 12, 1889, leaving a last will and testament. He left surviving him his widow and three daughters, named Alma L., Ula, and Lena T. North, issue of that marriage, as well as two children by a former marriage. These last-named children are the plaintiffs in error in this writ.

The order complained of was made April 28, 1890, and, as stated in the order, was to be in full for all allowances to the widow for the support of herself and children, Alma L., Ula, and Lena T. North, during the progress of the settlement of the estate, and it provided that the real and personal estate given, devised, and bequeathed by said will be charged and be liable for the payment of said allowance in proportion to the amount of the several devises and legacies in said last will and testament. The order concludes as follows:.

"It is further ordered and decreed that the said Frank North and Mary E. Johnson, devisees and legatees under said will, and all other devisees and legatees thereunder, contribute to and pay said allowance in proportion to the

amount of their several devises and legacies, which pro-portion is hereby determined to be as follows, viz.: The said Frank North and Mary E. Johnson, jointly, one-third; and Alma L. North, Ula North, and Lena T. North, jointly, one-third; and the said Celia G. North, one-third.

"It is further ordered and decreed that the said Frank North and Mary E. Johnson pay to the said Celia G. North the said one-third of the said allowance, viz., three hundred and twelve dollars, within thirty days from the date hereof, and that, in default of such payment, the said Celia G. North have execution for the collection thereof."

The decree also provides for execution against the minor children for the collection of like amount.

It appears that the will was duly admitted to probate, and it makes disposition of all of the estate of the testator by three specific devises:

1. To the wife, all of the personal property except the bank-stock and other items provided for.

2. The bank-stock, being eighty shares of the First National Bank of Vassar, to Frank North and Mary E. Johnson.

3. Stock in the Vassar Woolen-mill Company, consisting of 334 paid-up shares, to the wife and three minor daughters.

The real estate is devised specifically and by descriptions as follows:

1. To the wife and her three daughters.
2. To Frank North and Mary E. Johnson.

The estate was valued and inventoried at the sum of $65,328.11.

On July 15, 1889, an order was made allowing one year to dispose of the estate and pay the debts, and six months to creditors to present their claims. Under an order made, creditors were required to present their claims to the probate court for allowance on or before January 15, 1890, and that claims would be heard on

August 19, 1889, and January 15, 1890. On February 24, 1890, an order was made closing the hearing of claims. It is insisted, however, on the part of the defendant in the writ, that there is no proof of publication of notice to creditors to present their claims for allowance under the order, and that, upon the showing made, the creditors are not barred from presenting their claims; that in this condition, before the year had expired for closing the estate, the probate court had power to order such allowance for the expenses of the maintenance of the widow and three minor children during the progress of the settlement of the estate; and that abundant reason is set up in the petition for the allowance asked for.

Schedule 2 of the will makes the provisions for Frank North and Mary E. Johnson, and is as follows:

"I also desire and devise and intrust, on certain conditions hereinafter named, do *set apart* to my son Frank and daughter Mary E. (Mrs. Jas. Johnson) the following real estate and personal property, to wit: The farm in Fremont, being the south-west quarter, and the south one-half of the north-west quarter, of section twenty-two, in town eleven north, of range nine east; the west one-half of the north-east quarter of section twelve, in town eleven north, of range ten east; the south-west quarter of the south-east quarter of section thirty-five, in town twelve north, of range eight east; the north-east quarter of the south-west quarter of section twenty-nine, in town eleven north, of range eight east; also, all unsold or uncontracted-for village lots or lands in Vassar, and eighty shares of stock in the First National Bank of Vassar, Michigan. All the above-described property under Schedule No. 2 is given to my son Frank and daughter Mary E. (Mrs. Jas. Johnson).

"*First.* In trust to pay all just dues and demands existing against me at the time of my death.

"*Second.* To pay my grandson Newton E. North, my granddaughters Minnie A. and May A. North, one thousand dollars out of my real estate in Vassar, Juniata, or Dayton, not otherwise disposed of, each being entitled to one-third of the amount named, with the privilege of

selecting and agreeing with the trustees as to the pieces and value, or wait for sale and payment of said lands.

"*Third.* After paying all debts and legacies as above provided, I desire to have the balance equally divided between my son Frank and daughter Mary E. (Mrs. Jas. Johnson).

"*Fourth.* And I further desire and direct that the trustees give bonds for the faithful performance of the trust confided in them, and on the execution of such bonds I desire and direct that the administrators do deliver and set over the property named in Schedule No. 2 to the said Frank and Mary E., for the use and purposes above stated."

It is contended on the part of the plaintiffs in error that the gift to Frank North and Mary E. Johnson is a specific devise and bequest, and not dependent on any order of distribution or allotment by the probate court; that it is severed from the remainder of the estate for the specific purpose that such devisees and legatees should pay all the debts of the estate existing at the time of the death of the testator, and to pay the legacy of $1,000.[1] It appears that these devisees and legatees gave the bond required by the terms of the will, and on January 15, 1890, the probate court made an order reciting the terms of the will under which Frank North and Mary E. Johnson were to take, and also that the bond had been given as provided by the will, and directing that the property so to be taken be so distributed to them, and that the executors make proper conveyances to them of the real estate so devised. It further appears that the probate court did hear claims, and disallowed claims to the amount of $498.17, and entered an order closing the hearing of claims on February 24, 1890. There is also a statement in the record of claims against the estate of Townsend North as paid by Frank North and Mary E.

[1] Counsel cite How. Stat. § 5816; *Proctor v. Robinson,* 35 Mich. 284; *Hays v. Jackson,* 6 Mass. 149; *Walton v. Walton,* 7 Johns. Ch. 258,—as supporting this contention.

Johnson, amounting to the sum of $3.207.64. The only proof of the payment of these claims is an affidavit of Frank North attached to the list, and returned in the record. Just what proofs were offered in the probate court upon the hearing of the petition for allowance does not appear, as the case comes up on *certiorari*, and only brings up the record. But the record purports to be all the files in that court and orders made in relation to the estate.

It is quite apparent from the record that at the time the order was made the estate was not closed. The entry of the order by the probate court to that effect did not operate to close the estate. The statute provides for notice to be given to creditors of the time fixed for hearing claims before the order can properly be made closing the allowance of claims. How. Stat. §§ 5889, 5890, 5895. There is no proof, so far as shown by this record, that such notice was given. The matters of the estate were then in such condition that an order for allowance could properly be made under the provisions of How. Stat. § 5813, which authorizes the probate court to make such reasonable allowance as may be judged necessary by the court for the expenses of the widow and minor children, constituting the family of the testator, during the progress of the settlement of the estate; the only limitation being that it shall not be for a longer period than until their shares in the estate shall be assigned to them. The year for the settlement of the estate had not elapsed when the order was made.

It was for the probate court to inquire into the truth of the petition. The petition sets out sufficient facts, if true, to warrant the order, unless, as claimed by the plaintiffs in error, the devises and legacies to them were specific, and no allowance could be made out of specific devises and legacies. The devises and legacies to Frank

North and Mary E. Johnson were no more specific under the terms of the will than were the devises and legacies to the widow and the minor children. It was the evident intent of the testator to set apart certain portions of the estate to each,—to the widow, one part; the minor children, three in number, one part; and to Frank North and Mary E. Johnson, one part. This included the whole of the estate. It is provided by How. Stat. § 5816, that—

" The estate, real or personal, given by will to any devisees or legatees, shall be held liable to the payment of the debts, expenses of administration, and family expenses, in proportion to the amount of the several devises or legacies, except that specific devises and legacies, and the persons to whom they shall be made, may be exempted, if it shall appear to the court necessary in order to carry into effect the intention of the testator, if there shall be other sufficient estate."

In the present case the whole estate is specifically devised and bequeathed. It therefore became a matter for the probate court to determine, under the facts shown, when the petition for allowance was presented, just what allowance should be made, and the proportion each part of the estate should contribute to meet the amount necessary to provide for the widow and minor children during the settlement of the estate. We are not called upon to decide whether the probate court fixed the amount which the plaintiffs should pay at too small or too great a sum. The facts were before that court, and are not present here on this record. We find no error in the making of the order sought to be set aside by this proceeding.

The writ of *certiorari* must be quashed, with costs to the defendant in error.

The order of the probate court is affirmed.

The other Justices concurred.