## DICKINSON v. HENDERSON.

1. WILLS — CLAIMS OF WIDOW—WAIVER—ALLOWANCE OF EXECU-
TOR'S ACCOUNT—TRUSTEES.

    The fact that testator's widow, entitled under the will to the
    income of his estate for life, failed to make any claim on the
    executors before the approval of their accounts showing that
    such sums had been turned over to trustees under the will,
    did not constitute a waiver of her right to the income so paid
    over, there having been no final order for the distribution of
    the fund.                                                    '

2. SAME—ALLOWANCE FOR SUPPORT—PAYMENT.

    Moneys shown by an executor's final account, as approved by
    the probate judge, to have been paid to the widow for her
    support, will be treated as made from the testator's estate,
    and not from the income thereof bequeathed to the widow,
    though no formal order was entered on her petition for such
    an allowance.

3. PROBATE COURTS — ORDER OF ALLOWANCE — JUDGE'S MEMO-
RANDUM.

    Where, on hearing a widow's petition for support pending the
    settlement of her husband's estate, the probate judge entered
    a memorandum in his docket, "Widow allowed net income
    for support," such memorandum did not constitute an order,
    and cannot be considered on appeal from a decree approving
    payments made to the widow by the executor and trustee.

4. ESTATES OF DECEDENTS—NET INCOME—WHAT CONSTITUTES.

    An executor, charged with the duty of paying over to the
    widow the "net income" of the estate, must deduct, before
    making payment of the income, the necessary expenses, such
    as taxes, repairs, and costs of collection, incurred in caring for
    the estate.

Appeal from Wayne; Lillibridge, J.   Submitted Novem-
ber 15, 1899.   Decided January 23, 1900.

Bill by Julian G. Dickinson, surviving trustee under
the last will and testament of Davis Henderson, deceased,
against Charles D. Henderson and others, for a construc-

tion of said will, and to obtain an order approving certain payments to the widow. From a decree for complainant, defendants appeal. Modified and affirmed.

*John D. Conely,* for complainant.

*Morse Rohnert,* for defendants.

MONTGOMERY, C. J. This is a bill filed to obtain a construction of the will of Davis Henderson, deceased, and to obtain an order approving certain payments made to the widow by complainant as executor and trustee. The two clauses of the will which bear on the question involved are the second and fifth. The second reads as follows:

"I give, devise, and bequeath to my wife, Elizabeth Sinclair Henderson, for and during her natural life, in lieu of dower, and subject to the trusts hereinafter specified, all and singular the rents and profits of all my real estate, and the income from all the rest and residue of my personal property and effects, of every name and nature."

The fifth is in part as follows:

"I hereby nominate as executors of this, my last will, my wife, Elizabeth Sinclair Henderson, and Julian G. Dickinson, and do hereby appoint them trustees for the following purposes: To take possession of and manage all my said real estate, personal property, and effects during the life of my said wife and during the minority of my said grandchildren; * * * to collect all moneys due and belonging to my estate, and keep the same invested in good, interest-bearing, first mortgages on real estate in the city of Detroit; to pay over to my said wife all the net income from rents and from interest collected on any of said investments, keeping the principal of all my personal estate, invested as aforesaid, intact during the life of my said wife."

Complainant and Mrs. Henderson duly qualified as executors, and took possession of the estate, which consisted of real property valued at upwards of $40,000, and personal property, securities, accounts, and money in bank amounting to $38,508.79. Pending the settlement of

the estate, a petition for a widow's allowance was filed, and a hearing had thereon. No formal order of allowance was made and entered, but in the judge's docket, under the head of "Remarks," is entered, "Widow allowed net income for support." On the 2d of December, 1891, the executors presented their separate final accounts as executors, which were later allowed, as presented, by the probate judge. In this account appear items aggregating $3,700 "paid Elizabeth S. Henderson, widow, for her support." In this account complainant took credit for $25,976.41 turned over to the trustees under the will, and Mrs. Henderson took credit for $335 so transferred. During the period of administration, the rents collected aggregated $2,232.16, and the interest earned $886.05, which, with $230.93 earned on the Griffith mortgage prior to the probate of the will, but collected by the executors, amounted to $3,349.14. Complainant, on request of Mrs. Henderson, turned over to her this entire sum of $3,349.14, considering that she was entitled to the same under the terms of the will. The present controversy concerns this payment.

It is contended by the defendants that, the account of the executors having been allowed without any such payment having been made, the complainant, as trustee, had no authority to make payment thereafter, and that in no view was the widow entitled to more than the net income. On the other hand, complainant contends that Mrs. Henderson was by the terms of the will entitled to the income of the estate, as her own property; that the unsigned memorandum of the probate judge never became an order from which an appeal could be taken, or strictly an order of court; that the order approving the final account of the executors approved of the payments made to Mrs. Henderson for her support, and that it must be assumed that the payments were made from the personal estate of deceased, and not from the income; that the order approving the account, and the payment of the trust fund into the hands of the trustees, did not change the character of the fund, or deprive Mrs. Henderson of her property right in and to the income of the estate.

We are cited to the case of *Lawrence* v. *Security Co.*,
56 Conn. 423 (1 L. R. A. 342), as sustaining defendants'
contention that, failing to make any claim on the execu-
tors for the income during the administration of the es-
tate, the widow waived her claim to such income. The
case cited falls short of sustaining the contention. In
that case there had been a distribution of the fund, with
the sanction of the court, given by an order entered after
the widow had had her day in court. This order was held
final. In the present case the effect of the order allowing
the account was to find that there had been turned over
into the hands of the trustees a certain sum of money.
No order was made as to the distribution of the fund, and
we think the property rights of Mrs. Henderson were not
cut off by the order.

The order approving the account involved an approval
of the payments made to Mrs. Henderson for her support.
We think this allowance must be treated as having been
made from the estate left by the testator, and not from
the income. The memorandum made on the petition of
the widow never assumed the form of an order, and can-
not be considered. *People* v. *Eaton Probate Judge*, 40
Mich. 244. We think so much of this fund as the will
provides shall be paid to Mrs. Henderson, she had the
right to have paid to her after it was placed in the hands
of Mr. Dickinson as trustee.

The decree below approves the payment of the gross in-
come, without any deduction whatever for expenses of
collection, repairs, or taxes. We do not think this was
intended by the will. On the contrary, the intention to
preserve the estate is manifest. The decree will be modi-
fied by providing that complainant is entitled to credit for
the payment made to Mrs. Henderson to the extent of the
net income only. The appellants will be entitled to costs
of this court. As we are convinced of the good faith of
complainant, no costs will be allowed for the proceedings
in the circuit to either party.

The other Justices concurred.