*In re* STETSON'S ESTATE.

APPEAL OF STETSON.

1. ESTATES OF DECEDENTS—WIDOW'S ALLOWANCE—PROBATE COURT —STATUTES—HOMESTEAD.

> 3 Comp. Laws, § 8940 (4 How. Stat. [2d Ed.] § 10932), granting the widow the right to remain in the homestead one year after death of her deceased husband without charge for rent and granting her reasonable support out of the estate during her first year of administration, would not entitle the widow of the decedent to her allowance in addition to the provisions of the will giving to her the income of the real and personal property from the date of death: having prayed for and obtained an order from the probate court granting the statutory allowance and having received the amount granted by the court the widow was not entitled to the provision made by the will of the entire income of the estate during the same interval.

2. SAME—PROBATE COURT—ALLOWANCES TO WIDOW.

> Although the probate judge is required to make an allow-

ance to the widow sufficient for her support during the first year of administration, the amount to be awarded is within his sound discretion considering the size of the estate, its income and the needs of the widow.

Certiorari to Kent; McDonald, J. Submitted November 24, 1914. (Docket No. 128.) Decided March 17, 1915.

Elizabeth Stetson presented to the probate court of Kent county a petition praying that a certain part of the income and property of the estate of George W. Stetson, deceased, be ordered transferred to her by the executor. From an order denying the prayer of the petitioner, she appealed to circuit court, which affirmed the order. Petitioner brings certiorari. Affirmed.

*Covell & Cross,* for appellant.

*Lombard, Hext & Washburn,* for appellee.

MOORE, J. This is certiorari. George W. Stetson died, leaving a last will, wherein he devised and bequeathed to his wife, Elizabeth Stetson, the appellant herein, as follows:

"Second. I give, devise and bequeath unto my wife, Elizabeth Stetson, the use during her lifetime of all my personal property and real estate, in the State of Michigan."

Some time after the death of the testator, a petition was filed in the probate court on behalf of the widow asking for an allowance to be made to her under the statute. On September 26, 1911, an order was duly made, reading as follows:

"It is ordered that said widow be allowed the personal property of said deceased selected by her not exceeding in value the sum of two hundred dollars and also all her articles of apparel and ornaments, and all of the wearing apparel and ornaments, and the household furniture of the said deceased.

"It is ordered that an allowance of the sum of ten dollars per week be and is hereby granted, out of the personal estate and the income of the real estate of said deceased, for the support and maintenance of the widow and the children constituting the family of said deceased, for one year from the date of the death of said deceased."

Payments were made and received under this order for the full year.

The executor refused to pay to the widow, in addition to this, the income arising from the real and personal estate during the year, claiming she was not entitled to it until the expiration of the year during which she was receiving her widow's allowance. The widow claims that under the will she was entitled to the income of the real and personal property from the date of the death of the testator, in addition to the sum of $10 per week, granted her by the court. The probate court and the circuit court, after hearing, disagreed with her.

The question involved is whether, in view of the provisions of the will and the terms of the order of allowance, the widow is entitled to the weekly allowance, and also the income of the estate during the year following the death of Mr. Stetson. The construction of the following statutes is involved:

"A widow may remain in the dwelling house of her husband one year after his death without being chargeable with rent therefor, and shall have her reasonable sustenance out of his estate for one year." 3 Comp. Laws, § 8940 (4 How. Stat. [2d Ed.] § 10932).

"All the estate of the testator, real and personal, shall be liable to be disposed of for the payment of his debts, and the expenses of administering his estate, and the probate court may make such reasonable allowance as may be judged necessary for the expenses of the maintenance of the widow and minor children, or either, constituting the family of the testator, out of his personal estate, or the income of his real estate, during the progress of the settlement of the estate, but never for a longer period than until their shares

in the estate shall be assigned to them." 3 Comp. Laws, § 9289 (4 How. Stat. [2d Ed.] § 11002).

The relator insists the allowance is part of the expenses of administration, and that, in addition to it, she is entitled to the income, citing *Streeter* v. *Paton*, 7 Mich. 341; *Rough* v. *Womer*, 76 Mich. 375 (43 N. W. 573); *Campau* v. *Campau*, 19 Mich. 116; *Pratt* v. *Millard*, 154 Mich. 112 (117 N. W. 552); *Holbrook* v. *Campau*, 22 Mich. 288; *Hill* v. *Probate Judge*, 128 Mich. 77 (87 N. W. 113); *Houghteling* v. *Stockbridge*, 136 Mich. 544 (99 N. W. 759); and *Dickinson* v. *Henderson*, 122 Mich. 583 (81 N. W. 583).

It is insisted the last-named case is on all fours with the instant case. An examination of it will, we think, show it to be distinguishable in that no formal order of allowance was made, though a marginal memorandum was made on the docket of the probate judge. It also appears an order was made approving the final account of the executors, showing the payments made to the widow; the court saying:

"The order approving the account involved an approval of the payments made to Mrs. Henderson for her support. We think this allowance must be treated as having been made from the estate left by the testator, and not from the income."

We will not analyze the other cases, but an examination of them will show they are distinguishable from the case at bar.

The language of section 9289, 3 Comp. Laws, is not ambiguous. It states the allowance may be made "out of his personal estate, or the income of his real estate." This language authorized the form of the order made by the probate judge. Instead of objecting to the order, the executor and the widow acted under it. She must have known that, if it was carried out, she could not have the income during the same time by virtue of the provision of the will.

While a probate judge is bound to make an allowance, the amount of the allowance is within his sound discretion, taking into consideration the estate, its income, and the needs of the widow. See *North* v. *Probate Judge*, 84 Mich. 69 (47 N. W. 663).

The writ of certiorari is quashed, and the order of the probate court is affirmed.

BROOKE, C. J., and MCALVAY, KUHN, STONE, OSTRANDER, BIRD, and STEERE, JJ., concurred.