## MONTGOMERY v. TROMBLEY.

1. EVIDENCE—WILLS—STATUTES—WIDOW'S ALLOWANCE.

Testator, who executed his will after amendment to statute under which probate judge was bound to make allowance to widow within his discretion, after taking into consideration her needs and value of the estate rather than from merely the income therefrom, *held*, chargeable with knowledge of such statute in giving his widow the life use of his property (3 Comp. Laws 1929, § 15553).

2. EXECUTORS AND ADMINISTRATORS—WIDOW'S ALLOWANCE—WILLS—STATUTES.

Widow's right to statutory allowance from husband's estate is unaffected by the terms of his will (3 Comp. Laws 1929, § 15553).

3. SAME—WILLS—INCOME—WIDOW'S ALLOWANCE.

Income of testator's estate, devised to his widow and unpaid at her death before his estate was closed, *held*, allowable to administratrix of her estate with interest from date of death of widow in addition to widow's statutory allowance ordered paid from testator's estate during settlement thereof (3 Comp. Laws 1929, § 15553).

Appeal from Wayne; Parker (James S.), J. presiding. Submitted April 16, 1936. (Docket No. 117, Calendar No. 38,927.) Decided June 16, 1936.

In the matter of the estate of August Trombley, deceased. Petition by Marguerite Montgomery, administratrix *de bonis non* with will annexed of the estate of Ernestine Trombley, deceased, for an accounting and the allowance of a claim. From disallowance of claim, petitioner appealed to circuit court. Judgment for defendant. Plaintiff appeals. Reversed.

*Albert J. Hetchler* and *Abraham Satovsky,* for petitioner.

*Lloyd L. Axford* and *James Gibbons (Ray Cashen,* of counsel), for defendant.

BUSHNELL, J. By his last will and testament, August Trombley gave his wife Ernestine the life use of his real and personal property. He died February 16, 1929, and his widow was granted an allowance of $200 a month by the probate court under the provisions of 3 Comp. Laws 1929, § 15553. By subsequent order this allowance was continued during the settlement of the estate. Mrs. Trombley died January 5, 1934, before her deceased husband's estate was closed, and by her will she gave her entire estate to her three daughters in equal shares. No part of the net income of Mr. Trombley's estate, amounting to $3,107.52, was ever paid to Mrs. Trombley or her estate.

The controlling question presented for decision is whether, in view of the provision of the will and the terms of the order of allowance, the widow was entitled to the income in addition to the allowance.

This claim of Mrs. Trombley's administratrix for the unpaid income was disallowed by both the probate and circuit courts.

The widow's allowance statute formerly restricted the source of such funds to the personal property of the deceased and the income of his real estate. Since the judicature act (Act No. 314, Pub. Acts 1915), however, a widow's allowance is paid out of "the estate."

The former statute and applicable authorities were reviewed and analyzed in *Re Stetson's Estate,* 184 Mich. 402. In that case, the testator gave his wife "the use during her lifetime of all my personal property and real estate, in the State of Michigan." The probate court stated that the widow's allowance should be paid "out of the personal estate and the income of the real estate." This court held:

"This language (of the statute) authorized the form of the order made by the probate judge. Instead of objecting to the order, the executor and the widow acted under it. She must have known that, if it was carried out, she could not have the income during the same time by virtue of the provision of the will."

Mrs. Stetson presumably could not have that which was extinguished by the possible effect of the order. The orders in the instant case, however, directed that the widow be "allowed the sum of —— from said estate." Mr. Trombley's will is similar in its provisions for his widow to that of Mr. Stetson.

When Mr. Trombley executed his will in 1924, he was chargeable with knowledge of the amended statute under which the probate judge was bound to make an allowance. The amount of the allowance was within the sound discretion of the court, after taking into consideration the needs of the widow and the value of the estate, rather than, as hereto-

fore, merely its income. With this knowledge, he chose, like Mr. Stetson, to give to his widow the life use of his property.

The widow's right to the statutory allowance is unaffected by the terms of the will. *Miller* v. *Stepper,* 32 Mich. 194, and *Bliss* v. *Livingston Probate Judge,* 149 Mich. 271.

The amended statute did not change the existing law, but it broadened the source of the funds for payment of the widow's allowance to include the entire corpus of the estate. This coupled with the proper exercise of the court's discretion precluded the possibility of extinguishment of the estate's income. The income, therefore, remained and was still available to its lawful owner upon the closing of the estate. Mrs. Trombley's right to this income ceased at her death, but any unpaid portions thereof, of course, belonged to her estate.

The order disallowing the claim of the administratrix is vacated and the cause is remanded for the entry of an order allowing the claim in the sum of $3,107.52 with interest thereon at five per cent. from January 5, 1934, that being the date of Mrs. Trombley's death. Costs to appellant.

North, C. J., and Fead, Wiest, Butzel, Edward M. Sharpe, and Toy, JJ., concurred. Potter, J., took no part in this decision.