*In re* SEYMOUR ESTATE

Docket No. 236616. Submitted March 5, 2003, at Detroit. Decided August 26, 2003, at 9:20 A.M.

Catherine Seymour, the surviving spouse of decedent Robert V. Seymour, petitioned the Lapeer County Probate Court for a family allowance of $20,000 a month under MCL 700.2403 during the administration of her late husband's estate. The petitioner was in the process of obtaining a divorce from the decedent when he died. Sylvia Sallan, the decedent's sister and sole beneficiary of the decedent's estate under his will, opposed awarding an allowance, arguing that the petitioner had other assets sufficient to support her during the estate's administration. The petitioner testified regarding her expenses at a hearing on the petition. The probate court, Justus C. Scott, J., awarded the petitioner a family allowance of $8,000 a month, but did so without making any factual findings regarding the petitioner's actual expenses, needs, or other assets. The respondent appealed, arguing that the probate court erred by failing to consider, and allow discovery of, information regarding whether the petitioner had other sources of income, support, and maintenance.

The Court of Appeals *held*:

MCL 700.2403 provides for an award of a "reasonable family allowance" to a decedent's surviving spouse to support the spouse during the administration of the decedent's estate. Although the statute does not define the term "reasonable," prior versions of the statute containing the same "reasonableness" requirement considered the needs of the widow in conjunction with the value of the estate in determining an allowance. This view is consistent with case law and similar statutes. Accordingly, the reasonableness requirement of § 2403 permits examination of multiple factors, including a decedent's intent and the other resources available to a surviving spouse, in determining a reasonable family allowance. What is reasonable will depend on the relevant facts and circumstances in each case. Here, the probate court erred in failing to consider all relevant facts and circumstances in determining the petitioner's need for a family allowance by merely reviewing her

requested expenses, and by precluding consideration of whether the petitioner had income from other property and assets.
Reversed and remanded.

*Joyce Q. Lower* for the petitioner.

*Alvin C. Sallen* for the respondent.

Before: HOEKSTRA, P.J., and SMOLENSKI and FORT HOOD, JJ.

PER CURIAM. Respondent Sylvia Sallan appeals as of right from a probate court order granting petitioner Catherine Seymour a family allowance. We reverse and remand for proceedings consistent with this opinion.

Petitioner and the decedent, Robert V. Seymour, were married in 1989, and no children were born during the marriage.[1] The couple purchased a parcel of property, cleared the land, and built a home, three barns, and various outbuildings. The couple's goal was to start a business raising, breeding, and training Arabian horses. They incorporated as Cee-Mour Farms in 1993. Although petitioner ran the farm, decedent funded it. Petitioner alleged that the decedent micromanaged the business to its detriment and arbitrarily decided what he would fund, or reduced promised payment amounts.

Petitioner alleged that the decedent began experiencing health problems during the marriage. The decedent refused to seek treatment, causing a breakdown in the marriage. Consequently, petitioner filed for a divorce in an attempt to "shock" her husband into seeking the medical attention that he needed.

---

[1] Petitioner had grown children from a prior marriage, and Cee-Mour Farms employed her son.

Before his death, the decedent began altering his financial affairs.[2] Petitioner alleged that she had been paid a monthly allowance of $20,000 to $30,000 during the divorce proceeding.[3] Within a few months of the filing of the divorce action, the decedent unexpectedly died. Petitioner chose not to contest the will, instead opting for her elective share. Petitioner also sought $15,000 as a homestead allowance, $10,000 as an exempt property allowance, and a family allowance of $20,000 a month.

Respondent, the decedent's sister and sole beneficiary of the decedent's estate, opposed the continuation of spousal support in the form of a family allowance in light of the extensive assets that petitioner received as the designated beneficiary on annuities, pension funds, and other accounts. Respondent alleged that the assets that had passed to petitioner by means other than the will were more than sufficient support resources, and that there was no need to further deplete the estate and frustrate the decedent's intent.[4] The probate court concluded that it was required, by statute, to award petitioner a reasonable family allowance for maintenance. Further, the probate court limited the information to be consid-

---

[2] Petitioner alleged that the financial alterations were in violation of a court order. We do not have the benefit of the court file in the divorce proceedings. However, the allegations contained in the divorce proceeding are not dispositive of the issues in this appeal.

[3] We note that respondent alleges that the farm was an extravagant and wasteful venture where substantial and unaccountable monies were paid by petitioner to her sister. It was further alleged that decedent's refusal to continue to fund this venture prompted the petitioner to move out of the marital home and file for divorce. The factual discrepancy underlying the divorce action is not relevant to this appeal.

[4] The decedent modified his will to account for the divorce proceedings and expressly stated that nothing was left to petitioner because of the divorce proceedings.

ered in awarding a family allowance. Specifically, the probate court excluded respondent's discovery requests to determine petitioner's other sources of income, support, and maintenance. The probate court also excluded from consideration the costs of operating Cee-Mour Farms, concluding that it was a "hobby," not a necessary expense.

At the hearing regarding the family allowance, petitioner testified regarding her expenses. Petitioner testified that her expenses included a gardener, housekeeper, and bookkeeper, and that all three individuals were necessary for maintenance, excluding any work performed by them for Cee-Mour Farms. Petitioner also testified regarding her expenses for basic necessities, such as food, gasoline, propane, electricity, and telephone services. Where these expenses could not be separated from the operation of the horse farm, estimates were given. Petitioner also testified regarding the costs of supporting her mother, gifts, entertainment expenses, restaurant charges, clothing, and travel fees. When respondent identified duplicated costs, petitioner explained that any errors were inadvertent and resulted from her and a bookkeeper's attempt to separate the operating and maintenance expenses for the household from the horse farm. The probate court did not make any factual findings regarding necessary expenses or credibility determinations regarding the nature of the requested expenses. Rather, the probate court concluded, without explanation, that $8,000 a month constituted a reasonable family allowance.

Respondent alleges that the probate court erred in refusing to consider factors other than petitioner's expenses when determining the family allowance pur-

suant to MCL 700.2403. We agree. MCL 700.2403
provides:

> (1) For their maintenance during the period of adminis-
> tration, a reasonable family allowance is payable to the
> decedent's surviving spouse and minor children whom the
> decedent was obligated to support, and children of the
> decedent or another who were in fact being supported by
> the decedent, which allowance shall not continue for longer
> than 1 year if the estate is inadequate to discharge allowed
> claims. The family allowance may be paid in a lump sum or
> in periodic installments. The family allowance is payable to
> the surviving spouse, if living, for the use of the surviving
> spouse and minor and dependent children; otherwise to the
> children or persons having their care and custody. If a
> minor child or dependent child is not living with the surviv-
> ing spouse, the allowance may be paid partially to the child
> or to a fiduciary or other person having the child's care and
> custody, and partially to the spouse, as their needs may
> appear.
>
> (2) The family allowance is exempt from and has priority
> over all claims except administration costs and expenses,
> reasonable funeral and burial expenses, and the homestead
> allowance. The family allowance is not chargeable against a
> benefit or share passing to the surviving spouse or children
> by the will of the decedent, unless otherwise provided, by
> intestate succession, or by way of elective share. The death
> of an individual entitled to family allowance terminates the
> right to allowances not yet paid.

Issues of statutory construction present questions of
law that are reviewed de novo. *Cruz v State Farm
Mut Automobile Ins Co*, 466 Mich 588, 594; 648 NW2d
591 (2002). The primary goal of statutory interpreta-
tion is to give effect to the intent of the Legislature.
*In re MCI Telecom Complaint*, 460 Mich 396, 411; 596
NW2d 164 (1999). This determination is accomplished
by examining the plain language of the statute itself.
*Id.* If the statutory language is unambiguous, appel-

late courts presume that the Legislature intended the meaning plainly expressed and further judicial construction is neither permitted nor required. *DiBenedetto v West Shore Hosp*, 461 Mich 394, 402; 605 NW2d 300 (2000).

If reasonable minds could differ regarding the meaning of a statute, judicial construction is appropriate. *Adrian School Dist v Michigan Pub School Employees Retirement Sys*, 458 Mich 326, 332; 582 NW2d 767 (1998). Statutory language should be reasonably construed, keeping in mind the purpose of the statute. *Draprop Corp v Ann Arbor*, 247 Mich App 410, 415; 636 NW2d 787 (2001). When construing a statute, a court must look at the object of the statute in light of the harm it is designed to remedy and apply a reasonable construction that will best accomplish the Legislature's purpose. *Marquis v Hartford Accident & Indemnity (After Remand)*, 444 Mich 638, 644; 513 NW2d 799 (1994). The legislative history of an act may be examined to ascertain the reason for the act and the meaning of its provisions. *DeVormer v DeVormer*, 240 Mich App 601, 607; 618 NW2d 39 (2000). Legislative history is valuable when it evidences an intent to repudiate a judicial construction or considers alternatives in statutory language. *In re Certified Question*, 468 Mich 109, 115 n 5; 659 NW2d 597 (2003). However, legislative history is afforded little significance when it is not an official view of the legislators, and legislative history may not be utilized to create an ambiguity where one does not otherwise exist. *Id.* Additionally, while the official comments accompanying a uniform act may lack the force of law, they are useful aids to interpretation and construction. *Shurlow v Bonthuis*, 456 Mich 730, 735 n 7;

576 NW2d 159 (1998); *In re McKim Estate*, 238 Mich
App 453, 460 n 5; 606 NW2d 30 (1999).

Historically, the family allowance was a statutory
creation designed to "provide sustenance for the fam-
ily during the settlement of the estate, for the reason
that the necessities of support will not allow the
delay of such provisions, because they are immedi-
ate." *Moore v Moore*, 48 Mich 271, 273; 12 NW 180
(1882); See also *In re Herbach Estate*, 230 Mich
App 276, 289-290; 583 NW2d 541 (1998). Determining
the amount of the allowance is within the sound dis-
cretion of the court,[5] but the court should consider
the needs of the widow[6] and the value of the estate,
not merely the income from the estate. *Montgomery v
Trombley*, 276 Mich 439, 441-442; 267 NW 648 (1936).
The allowance made to a widow for her support dur-
ing the estate's settlement is for the sole benefit of
the widow, and, therefore, the allowance cannot be
assigned. *In re Service's Estate*, 155 Mich 179, 185-
187; 118 NW 948 (1908). The prior family allowance
provision also provided for a "reasonable family
allowance" for a period of one year.[7] The current fam-
ily allowance provision, MCL 700.2403, retains the
provision for awarding a "reasonable family allow-
ance" during the period of administration of the

---

[5] Although the amount of the allowance is reviewed for an abuse of dis-
cretion, factual findings made by a probate court sitting without a jury are
reviewed for clear error, *In re Erickson Estate*, 202 Mich App 329, 331;
508 NW2d 181 (1993), and the requirements for making factual findings
are set forth in MCR 2.517.

[6] Although a family allowance is awarded for the benefit of a surviving
spouse, minor children, or supported children, in this case, the parties do
not dispute that the family allowance is applicable only to petitioner as
the surviving spouse.

[7] The prior statute, MCL 700.287, was repealed by 1998 PA 386, § 8101,
effective April 1, 2000.

estate. The family allowance may be paid in a lump sum or in periodic installments. *Id.*[8] The family allowance determination may be made by the personal representative in a lump sum not to exceed $18,000. MCL 700.2405. Thus, while the family allowance statute has been amended over time, the reasonableness requirement has been retained, although the period of time of allocation of the benefit has been modified. *In re Certified Question, supra; DeVormer, supra.*

In the present case, the parties dispute what factors may be considered in determining a "reasonable" family allowance. The term "reasonable" is not defined in the statute. When a term is not defined by statute, an appellate court may turn to dictionary definitions to construe the term in accordance with its plain, ordinary, and generally accepted meaning. *In re Certified Question, supra.* "Reasonable" is defined as: "agreeable to reason or sound judgment; logical" and "not exceeding the limit prescribed by reason; not excessive." *Random House Webster's Unabridged Dictionary* (2d ed, 1998), p 1608. Additionally, prior versions of the family allowance statute that contained the same reasonableness requirement considered the needs of the widow in conjunction with the value of the estate, acknowledging that it was designed for the

---

[8] The principal modification made by MCL 700.2403 addresses the time frame for allocation of the family allowance. MCL 700.287 provided that a family allowance could be continued from time to time in a solvent estate beyond a period of one year on the basis of a showing of necessity, but the family allowance was deemed an advancement from the estate against the recipient. The current family allowance provision provides for an allowance "during the period of administration," but limits the time frame to one year if the estate is inadequate to discharge allowed claims. MCL 700.2403. The current statute does not contain an automatic advancement provision unless provided for by intestate succession or by way of the elective share. MCL 700.2403(2).

sole benefit of the widow. *Montgomery, supra; In re Service's Estate, supra.*

Furthermore, we note that MCL 700.2403 is similar to the equivalent provision found in the Uniform Probate Code, § 2-404, 8 ULA 141-142 (Revised 1990 Version). Section 2-404 provides that the surviving spouse is entitled to a reasonable allowance during the period of administration. The official comment of this section acknowledges that the need of the surviving spouse is contingent on the spouse's individual factors as well as the decedent's intent. The official comment provides, in relevant part:

> In determining the amount of the family allowance, account should be taken of both the previous standard of living and the nature of other resources available to the family to meet current living expenses until the estate can be administered and assets distributed. While the death of the principal income producer may necessitate some change in the standard of living, there must also be a period of adjustment. If the surviving spouse has a substantial income, this may be taken into account. Whether life insurance proceeds payable in a lump sum or periodic installments were intended by the decedent to be used for the period of adjustment or to be conserved as capital may be considered. A living trust may provide the needed income without resorting to the probate estate.
>
> Obviously, need is relative to the circumstances, and what is reasonable must be decided on the basis of the facts of each individual case. Note, however, that under the next section the personal representative may not determine an allowance of more than $1500 per month for one year; a Court order would be necessary if a greater allowance is reasonably necessary. [*Id.* at 142.]

Thus, the reasonableness requirement of the family allowance provision permits examination of multiple factors, including the decedent's intent and the other

resources available to the petitioner to meet expenses that could include other allowances. *Shurlow, supra.* Furthermore, appellate court decisions examining "reasonableness" requirements have concluded that reasonableness is to be determined on the basis of all the relevant facts and circumstances of each individual case. See *Morris v Clawson Tank Co,* 459 Mich 256, 272-274; 587 NW2d 253 (1998); *In re Gaipa,* 219 Mich App 80, 85-86; 555 NW2d 867 (1996). Accordingly, the probate court erred in failing to consider all relevant facts and circumstances in determining the need for a family allowance by merely reviewing petitioner's requested expenses. The probate court precluded consideration of whether petitioner was generating income from other marital property, and of other discovery regarding the "needs" of petitioner.[9] Because the determination of a family allowance involves a consideration of all relevant facts and circumstances, the probate court abused its discretion by precluding discovery of petitioner's sources of income, support, and maintenance as requested in

---

[9] The probate court also heard testimony regarding gifts, entertainment, and support of petitioner's mother. The family allowance is a statutory creation designed to allow the beneficiaries to meet immediate needs until the settlement of the estate, *Moore, supra,* and the allowance to the widow is designed for the sole benefit of the widow. *In re Service's Estate, supra.* It is unclear how the probate court arrived at the $8,000 a month family allowance because it failed to make any findings of fact or conclusions of law regarding whether these expenses were governed by the family allowance provision. *In re Erickson Estate, supra.* Therefore, it is unknown what expenses were excluded in the reduction of petitioner's requested family allowance. However, it is abundantly clear that the trial court failed to consider whether petitioner had other available means or allowances to meet requested expenses when it limited respondent's ability to discover and present this information. On remand, we presume that the probate court will remedy the deficiencies in its announcement of an award, without more, to delineate the expenses awarded within the confines of a permissible family allowance.

interrogatories. See *Linebaugh v Sheraton Michigan Corp*, 198 Mich App 335, 343; 497 NW2d 585 (1993).[10]

Reversed and remanded for proceedings consistent with this opinion. We do not retain jurisdiction.

---

[10] Because we have concluded that remand is required for redetermination of a reasonable family allowance, we need not address respondent's challenge to the sufficiency of petitioner's proofs.